WILMER CUTLER PICKERING
HALE AND DORR LLP
Christopher E. Babbitt (*pro hac vice*)
Daniel Volchok (*pro hac vice*)
David Gringer (*pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com
david.gringer@wilmerhale.com

JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
Eric D. Gere – 023226
egere@jsslaw.com
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2633
MinuteEntries@jsslaw.com

*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

Salt River Project Agricultural Improvement and Power District,

Defendant.

Case No. 2:19-cv-1228-SMB

**DEFENDANT'S MOTION FOR LEAVE TO FILE RENEWED MOTION TO DISMISS**

The Salt River Project Agricultural Improvement and Power District ("District") respectfully moves (1) for leave to file a renewed motion to dismiss to dispose of two of the three claims the Ninth Circuit remanded for further proceedings, and (2) for supplemental briefing on plaintiffs' federal equal-protection claim (count VII). The Ninth Circuit expressly "le[ft] it to the district court to consider on remand" whether plaintiffs' equal-protection claim should be dismissed on the merits. *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1273 (9th Cir. 2022). Because this Court dismissed that claim as untimely, it did not address whether plaintiffs had stated a viable claim. That question is now squarely before this Court to address "in the first instance." *Id.* And a ruling on the equal-protection claim is critical, as it is the only remaining claim on which plaintiffs could possibly recover damages. Dismissal of that claim would thus preclude certification of a damages class, significantly altering the nature of any discovery (both on class certification itself and on the merits). Yet the parties have been able to devote only a few pages of argument to the merits of the equal-protection claim—in briefing that is now nearly three years old. Supplemental briefing is necessary to allow the parties to address more fully the merits of a claim that is now central to this action.

In addition, the Ninth Circuit did not disturb this Court's statement that plaintiffs lack standing to bring their attempted-monopolization claim (count II) because they are the District's consumers rather than its competitors. ECF No. 29 at 27 & n.17. Count II should therefore be dismissed on the basis of the Court's prior standing analysis.[1]

## BACKGROUND

Plaintiffs filed their first amended complaint ("FAC") in 2019. Plaintiffs sue on behalf of themselves and a putative class of District customers who voluntarily connected rooftop solar panels to their homes between 2016 and 2018, under a rate plan that allegedly

[1] The District's counsel called plaintiffs' counsel on the afternoon of Wednesday, March 9, 2022, in advance of the conference scheduled for Monday, March 14. During the call, counsel for plaintiffs stated that they had not yet decided whether to seek leave to file a second amended complaint. The District is filing this motion in the event that plaintiffs elect to proceed on the basis of their current complaint and recognizes that an amended complaint would moot this motion.

made it "economically unfeasible" for them to do so. FAC ¶124. The FAC alleges that the District rate plan in place when they became solar customers (a plan known as E-27) violated various state laws, federal antitrust law, and the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.

This Court dismissed all claims in the FAC. *See* ECF No. 29. Plaintiffs appealed, and in January the Ninth Circuit affirmed in part and reversed in part. It affirmed the dismissal of plaintiffs' state-law claims and their claims for antitrust damages but reversed the dismissal of their federal antitrust and equal-protection claims. *See* 24 F.4th at 1278. Thus, the claims remaining on remand are count I (monopolization), count II (attempted monopolization), and count VII (equal protection). Because the Ninth Circuit affirmed the District's immunity from antitrust damages under the Local Government Antitrust Act, *id.*, the equal-protection claim is the only one on which plaintiffs could recover damages.

As to that claim, the Ninth Circuit stated that this Court should consider on remand whether the plaintiffs had stated a viable claim:

> SRP urges us to affirm the dismissal of the equal protection claim on the alternative ground that the distinctions drawn by the E-27 plan are supported by a rational basis and are therefore permissible. But the district court did not address that theory, and we decline to do so in the first instance. Instead, we leave it to the district court to consider on remand.

24 F.4th at 1273.

Regarding the attempted-monopolization claim, the Ninth Circuit left undisturbed this Court's statement (ECF No. 29 at 27 & n.17) that only competitors, not consumers like plaintiffs, have standing to bring claims for attempted monopolization. The Court did not formally rule on whether plaintiffs had adequately alleged antitrust standing because it disposed of the attempted-monopolization claim on the alternative ground that plaintiffs had not alleged antitrust injury. *Id.* The Ninth Circuit likewise addressed only antitrust injury, without reaching the distinct question of antitrust standing.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) allows a court to modify a case schedule to allow the reopening of law and motion practice where "good cause" exists. Fed. R. Civ. P. 16(b)(4). Courts consider a variety of factors in assessing good cause, including whether the proposed motion is potentially case- or claim-dispositive, whether it involves a question of law or is otherwise well-suited to disposition, the movant's diligence, and any prejudice to the non-moving party. *See, e.g.*, *Kane v. Mycoskie*, 2011 WL 13217265, at *1 (C.D. Cal. Sept. 23, 2011) (finding good cause where the proposed motion was "potentially dispositive"); *Sanders v. City of Bakersfield*, 2008 WL 3377542, at *3 (E.D. Cal. Aug. 7, 2008) (finding good cause where "[t]he issues to be revisited are ones of pure law; [and] there do not appear to be any relevant factual disputes"); *Cole v. Commissioner*, 1993 WL 257454, at *1 (W.D. Wash. Feb. 16, 1993) (finding good cause where the proposed motion, if granted, "will result in the dismissal of this entire action, [because] it is in the interests of judicial efficiency that the Court consider the defendant's motion rather than take this action to trial").

## ARGUMENT

The Court should order renewed briefing on whether count VII of the FAC should be dismissed under Rule 12(b)(6). The District's motion to dismiss argued that plaintiffs' equal-protection claim should be dismissed on the merits. That argument can be resolved as a matter of law, without discovery, and addressing it now will greatly affect how the case proceeds. While the District recognizes that a single Rule 12(b)(6) motion is the norm, and that the parties have already briefed whether plaintiffs have stated a viable equal-protection claim and the issue of standing on the attempted-monopolization claim, additional briefing on the former issue is warranted for several reasons.

To begin with, the Ninth Circuit clearly indicated that on remand this Court should consider the District's alternative argument for dismissal of that claim. That, of course, makes sense: The District raised the alternative argument in its Rule 12(b)(6) motion, and it should not be denied a ruling on that issue because this Court disposed of the claim on

another ground and the Ninth Circuit, after disagreeing with the Court's ruling on that other ground, opted not to reach the argument the District had preserved and presented (both here and on appeal).

Supplemental briefing will aid the Court in addressing that argument. Briefing in support of the District's prior motion to dismiss had to cover, within the established page limits, the *nine* distinct claims that plaintiffs included in the FAC. As a result, the parties each devoted only a few pages to the question whether the plaintiffs have stated a viable equal-protection claim. Moreover, at the time of the prior motion-to-dismiss briefing, dismissal of the federal equal-protection claim would not have meaningfully altered the scope of the case as plaintiffs did not seek any relief on that claim beyond what they sought in their other claims. But now, with the Ninth Circuit having affirmed the dismissal of plaintiffs' state-law claims and their claims for antitrust damages, the equal-protection claim is the *only* claim on which the plaintiffs seek damages. That claim is therefore now the predominant claim in this action, and whether it goes forward will significantly shape the rest of the proceedings. Further briefing is warranted to address the now-critical question whether the equal-protection claim is viable.

Indeed, denying additional briefing could lead the Court to mistakenly allow the claim to proceed, leading to the needless expenditure of party and judicial resources. Those wasted resources would be substantial, because the equal-protection claim is, as noted, the only remaining claim on which plaintiffs could possibly recover damages. Allowing that claim to go forward would thus necessitate substantially more complex class-certification proceedings, discovery, summary-judgment proceedings, and (if the case got that far), trial. These considerations are why the Federal Judicial Center ("FJC") instructs that courts "should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action." *Manual for Complex Litigation* § 21.133 (4th ed. 2004). As the FJC elaborates, doing so "may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits." *Id.* The FJC has similarly advised that an advantage of ruling on dispositive motions early is that the

court "need not waste time dealing with increasingly complicated class certification issues in meritless cases." FJC, *Managing Class Action Litigation: A Pocket Guide for Judges* 6 (2005).

The viability of count VII also presents a pure question of law, making it suitable for resolution on a motion to dismiss. (The same is true of the standing question on count II.) The only question regarding count VII is whether a conceivable rational basis for the challenged rate plan exists, a question that requires no factual development. *See, e.g.*, *Taylor v. Rancho Santa Barbara*, 206 F.3d 932, 938 (9th Cir. 2000) (affirming dismissal of an equal-protection claim because a rational basis existed for the challenged system). Here, the FAC *acknowledges* a rational basis for charging solar and non-solar customers differently: establishing a rate designed to recover the District's costs for serving solar customers, so that they pay their fair share of the District's fixed costs. FAC ¶¶84, 100. The FAC also acknowledges that the Arizona Corporation Commission has "establishe[d] rooftop solar customers as a separate rate class." *Id.* ¶63 & n.13. While plaintiffs contend the District's stated rationale for the E-27 rate was pretextual, it is "entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated" the classification. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Courts have found good cause for renewed briefing where the question at issue is purely legal. *See, e.g.*, *Sanders*, 2008 WL 3377542, at *3 (good cause exists where "[t]he issues to be revisited are ones of pure law" and there are no "relevant factual disputes"); *Cole*, 1993 WL 257454, at *1 (finding good cause where the proposed motion, if granted, "will result in … dismissal"). And a renewed motion to dismiss would not unfairly prejudice plaintiffs. They would have an opportunity to respond to the motion, the Ninth Circuit issued its mandate very recently, and no subsequent discovery or trial deadlines have been set. Other courts have found a lack of unfair prejudice in similar circumstances. *See, e.g.*, *Hall v. Rag-O-Rama, LLC*, 2020 WL 4741911, at *2 n.1 (E.D. Ky. Aug. 14, 2020); *Guerrero v. GMAC Mortgage, LLC*, 2010 WL 11652368, at *2 (S.D. Tex. Sept. 3, 2010).

**CONCLUSION**

This Court should grant the District's motion for leave to file a renewed motion to dismiss counts II and VII and order supplemental briefing on count VII.

RESPECTFULLY SUBMITTED this 11th day of March, 2022.

/s/ Christopher E. Babbitt

JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
Eric D. Gere – 023226
egere@jsslaw.com
One East Washington Street, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 262 5911
Facsimile: (602) 495 2633
minuteentries@jsslaw.com

WILMER CUTLER PICKERING HALE AND DORR LLP
Christopher E. Babbitt (*pro hac vice*)
Daniel Volchok (*pro hac vice*)
David Gringer (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663 6000
Facsimile: (202) 663 6363
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com
david.gringer@wilmerhale.com

*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District*

**CERTIFICATE OF SERVICE**

On March 11, 2022, I attempted to file the attached document via the CM/ECF System. However, because the system was down at the time of filing, I transmitted a copy by email to:

ZIMMERMAN REED LLP
14646 North Kierland Blvd., Ste. 145
Scottsdale, AZ 85254
Hart L. Robinovitch

ZIMMERMAN REED LLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
David M. Cialkowski
Alia M. Abdi

GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Street, Suite 2600
Minneapolis, MN 55402
Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin

/s/Christopher E. Babbitt