Hart L. Robinovitch (AZ SBN 020910)
**ZIMMERMAN REED LLP**
14646 North Kierland Blvd., Suite 145
Scottsdale, AZ  85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
Email: hart.robinovitch@zimmreed.com

*Attorneys for Plaintiffs and the Class*

*(Additional Counsel listed below)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Salt River Project Agricultural Improvement and Power District, <br><br> Defendant. | CASE NO.: 2:19-CV-1228-SMB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE RENEWED MOTION TO DISMISS** <br><br> (Hon. Susan M. Brnovich) |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. RELEVANT BACKGROUND ....................................................................................2

III. ARGUMENT ................................................................................................................5

    A. As the Allegations in the Complaint That There Is No Rational Basis for SRP's Conduct Must be Accepted as True, A "Renewed" Motion is Unlikely to Advance This Matter and the Court Should Allow the Parties to Proceed to Discovery. ..........................................................................................................5

    B. Because the Equal Protection Claim Involves Fact Issues Requiring Discovery, the Court Should Not Trigger a Second Motion to Dismiss or Briefing to Entertain It. ..........................................................................................................7

    C. Because the Court of Appeals Expressly Reversed the Dismissal of Plaintiffs' Attempted Monopolization Theory, This Court Should Not Second Guess That Mandate. ............................................................................................................10

    D. If a Renewed Motion is Allowed, External Materials Outside the Complaint Should be Disallowed Without Prior Discovery. ................................................12

IV. CONCLUSION ...........................................................................................................13

Page:

Final:
**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Ad. Mgmt., Inc. v. Gen. Tel. of California*,
  190 F.3d 1051 (9th Cir. 1999) ............................................................................................12

*Arizona Dream Act Coalition v. Brewer*,
  945 F. Supp. 2d 1049 (D. Ariz. 2014) ...................................................................................8

*Arizona Dream Act Coalition v. Brewer*,
  757 F.3d 1053 (9th Cir. 2014) ...............................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................5

*Ball v. James*,
  451 U.S. 355 (1981) ...............................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................5

*Borden's Farm Prods. Co. Inc. v. Baldwin*,
  239 U.S. 194 (1934) ...............................................................................................................8

*Cornwell v. Hamilton*,
  80 F. Supp. 2d 1101 (S.D. Cal.1999) .....................................................................................6

*Cousins v. Lockyer*,
  568 F.3d 1063 (9th Cir. 2009) ...............................................................................................5

*Craigmiles v. Giles*,
  312 F.3d 220 (6th Cir.2002) ..................................................................................................7

*Ellis v. Salt River Project Agric. Improvement & Power Dist.*,
  24 F.4th 1262 (9th Cir. 2022) ........................................................1, 4, 5, 6, 7, 9, 11, 12

*Flying J Inc. v. City of New Haven*,
  549 F.3d 538 (7th Cir. 2008) .................................................................................................8

*In re Live Concert Antitrust Litig*,
  247 F.R.D. 98 (C.D. Cal. 2007) ...........................................................................................12

*Merrifield v. Lockyer*,
  547 F.3d 978 (9th Cir., 2008) ................................................................................................6

*Merrifield v. Schwarzenegger*,
  No. 04-498 MMC, 2004 WL 2926161 (N.D. Cal., July 16, 2004)..........................6

*Merrifield v. Schwarzenegger*,
  No. 04-498 MMC, 2004 WL 2926160 (N.D. Cal., Sept. 23, 2004) .........................6

*Odonnell v. Harris County, Texas*,
  892 F.3d 147 (5th Cir. 2018) ...................................................................................8

*Odonnell v. Harris County, Texas*,
  277 F. Supp. 3d 706 (S.D. Tex. 2016) .....................................................................8

*Smith v. Salt River Project Agric. Improvement & Power Dist.*,
  109 F.3d 586 (9th Cir. 1997) ...................................................................................2

*Sprouse v. Ryan*,
  346 F. Supp. 3d 1347 (D. Ariz. 2017) .....................................................................9

*St. Joseph Abbey v Castille*,
  712 F.3d 215 (5th Cir. 2013) ...................................................................................7

*Wroblewski v. City of Washburn*,
  965 F.2d 452 (7th Cir. 1992) ...................................................................................8

*Wroblewski*,
  956 F.2d .................................................................................................................8

**Statutes**

15 U.S.C. § 1..................................................................................................................1

15 U.S.C. § 2................................................................................................................11

A.R.S. § 30-801 .............................................................................................................1

A.R.S. § 30-805(D).........................................................................................................9

A.R.S. § 30-805 ..............................................................................................................9

A.R.S. § 30-813 ..............................................................................................................9

Ariz. Const., Art. 13, § 7.................................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................2

Fed. R. Civ. P, 26(f).....................................................................................................13

## I. INTRODUCTION

Plaintiffs William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis ("Plaintiffs") are customers of Defendant Salt River Project Agricultural Improvement and Power District's ("SRP" or "Defendant") who commenced this action in 2019 challenging SRP's conduct aimed at unlawfully maintaining its existing monopoly power over the retail delivery of electricity to customers throughout its service territory in Arizona. Plaintiffs allege SRP implemented a discriminatory pricing scheme in 2015 that was intended to discourage continued solar power use by customers like Plaintiffs and eliminate solar energy competition, including that which is self-generated by them. SRP's exploitation of consumers with solar energy systems is only possible because it holds monopoly power over the provision of the supplemental electricity all solar users, including Plaintiffs, must still purchase from it. The State of Arizona has enacted laws that specifically open its retail electricity market to competition, mandate non-discriminatory rates and subject violations to antitrust laws. *See* Electric Power Competition Act, A.R.S. §30-801 *et seq.* ("EPCA"). Plaintiffs allege that SRP's imposition of discriminatory, higher rates on solar customers both to penalize them, and to drive out solar competitors, conflict with Arizona statutes and violate the Equal Protection Clause of the 14th Amendment of the U.S. Constitution, as well as the Sherman Act, 15. U.S.C. § 1 *et seq*. Plaintiffs' allege that the discriminatory rates imposed by SRP (such as its E-27 rate plan) were not adopted for any rational reason but rather solely to discourage further use and investment by consumers in solar energy sources. *See e.g.*, First Amended Complaint ¶¶1, 9, 12, 96-107 ("FAC"). Plaintiff's contend that such conduct is anti-competitive and caused an injury-in-fact to solar customers like Plaintiffs and the putative Class.

Earlier this year, the Ninth Circuit Court of Appeals reversed the District Court's January 10, 2020 order [ECF 29] on the prior motion to dismiss, in part. The Court of Appeals held that Plaintiffs' Equal Protection claims were timely as new claims accrue each time a discriminatory charge is imposed, and that Plaintiffs' adequately alleged antitrust injury. *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1273 (9th Cir. 2022). Now that the case had been remanded, SRP seeks permission to file a second or "renewed" motion to dismiss

again challenging Plaintiff's Equal Protection and attempted monopolization claims. Defendant's motion should be denied. First, the Equal Protection Claim requires that Plaintiff be afforded a fair opportunity to conduct discovery before any determination of that that claim can be made on the merits. Second, standing for the attempted monopolization claim was decided by the Ninth Circuit making further motion practice on that issue under Fed. R. Civ. P. 12(b)(6) improper and unnecessary. For the additional reasons set forth below, Defendant SRP's motion to file a renewed motion to dismiss should be denied and this case should proceed to the discovery stage.

## II.    RELEVANT BACKGROUND

Defendant Salt River Project Agricultural Improvement and Power District's ("SRP" or "Defendant") is a public power entity operating the Phoenix, Arizona metropolitan area. Under the Arizona Constitution, districts such as SRP are "political subdivisions of the State, and vested with all the rights, privileges and benefits, and entitled to the immunities and exemptions granted municipalities and political subdivisions under this Constitution or any law of the State or of the United States." Ariz. Const., Art. 13, § 7. *See* First Amended Complaint ("FAC"), at ¶¶28-38. Despite this, SRP lacks traditional governmental powers and regulation. *Ball v. James*, 451 U.S. 355, 366-68 (1981) (recognizing SRP as a "nominal public entity"); FAC ¶¶28-38. Despite these limited functions, SRP remains a political subdivision subject to constitutional challenges for its discriminatory conduct. *See Smith v. Salt River Project Agric. Improvement & Power Dist.*, 109 F.3d 586, 593-94 (9th Cir. 1997) ("To the extent it enjoys the powers and privileges of a political subdivision, the District also should bear the duties and obligations of a political subdivision. The fact that the District is a limited-purpose public entity makes it no less public.").

SRP is a monopolist that provides electricity to customers in its service territory within Arizona. FAC ¶¶ 2, 5-6, 42-53. With complete control over the electrical grid in its service territory, SRP has monopoly power over the pricing, sale and distribution of electricity to all grid-dependent retail customers in its service territory. FAC ¶2. The only competition SRP faces comes from companies that sell solar energy systems to its customers, allowing those

customer to then self-generate power and reduce their reliance on the amount of retail electricity they need to purchase from SRP. FAC ¶ 13.  However, even those customers are captive to SRP's monopoly power, as the electricity they self-generate cannot meet their total energy requirements, requiring them to purchase the difference from SRP. FAC ¶4.  For that purchased electricity, those customers, including Plaintiff's are charged discriminatory higher rates pursuant to SRP's rate plans.  FAC ¶¶ 6-8, 10.

Plaintiffs filed their First Amended Complaint on April 23, 2019, challenging SRP's conduct. [ECF 12].  Plaintiffs sue on behalf of themselves and a putative class of District customers who installed solar panels on their homes and were subjected to SRP's discriminatory higher electricity rates causing them financial injury and loss. FAC ¶¶1, 90.  Plaintiffs allege that the District's implementation of the E-27 plan for solar customers—required for use with the District's electrical system—contained a rate higher than for traditional electrical customers penalizing consumers with solar energy systems.  FAC ¶¶ 1, 10, 12, 71-83, 90.  As such, Plaintiffs allege that the rate plan violated various state laws, federal antitrust law, and the equal protection clause of the Fourteenth Amendment to the U.S. Constitution.

On May 7, 2019 SRP filed a motion to dismiss challenging the adequacy of Plaintiffs' claims.  [ECF 14, 14-1].  At that same time, SRP also asked the court to take judicial notice of a number of documents that they claimed provided factual support for their position in adopting the challenged rates, and which they argued supported their arguments. *See* SRP's Memorandum of Point and Authorities in Support of Its Motion to Dismiss, at *6-7 and footnotes 3-8 [ECF 14-1]; *see* SRP's Request for Judicial Notice [ECF 15].[1]  SRP also asked the Court to adopt its tortured reading of Plaintiffs' complaint, incorrectly arguing that Plaintiffs acknowledged that "the District identified a rational basis for the new solar-customer classification".  SRP's Memorandum of Points and Authorities in Support of Its Motion to Dismiss, at *28. [ECF 14-1]  Plaintiff did nothing of the sort and in direct contrast, contended

---

[1] The one other document was Plaintiffs' notice of claim, which the court did take judicial notice of.  Order, Jan. 10, 2020 at *6 [ECF 29]

3

that (1) there was no rational basis for the discriminatory rates being adopted by SRP, and; (2) that SRP provided "false explanations" for its conduct adopting the discriminatory rates; that "all justifications put forth by SRP are objectively unfounded"; and "SRP lacks any legitimate state interest justifying the creation of these classes and cannot show that these classifications are necessary to serve any rational interest." *See* FAC ¶¶ 1, 9, 12, 96-107, 174.  In no manner have Plaintiffs ever "acknowledged a rational basis" for SRP's conduct as it claims—only the opposite. *See* Def. Brf at 5.  In any event, Plaintiff contended that any such determination was a question of disputed facts that were not appropriately resolved at the pleading stage before any discovery has occurred.  Plaintiffs' Opposition to Motion to Dismiss at *24-26 [ECF 21]; *see also* Plaintiffs' Opposition to Request for Judicial Notice, at *6 ("However, documents cherry-picked by SRP cannot be expected to reflect the totality of information available to SRP, and such assertions do not support SRP's claim that it is offering these documents merely for the "fact that the documents themselves were part of the record during the public ratemaking proceeding.") [ECF 20].

On January 10, 2020 the Court granted SRP's motion to dismiss on certain grounds and denied its request to take judicial notice of nine of the ten documents that SRP presented. Order, Jan. 10, 2020 at *6 [ECF 29].  The Court's ruling on the equal protection claim was based on timeliness and accrual of claims.  Order at *17-18.  The Court, however, indicated in addressing the state action immunity issue that "Arizona has not articulated a clear and affirmative policy to permit the District's anticompetitive conduct."  Order, Jan. 10, 2020 at *15-17.[2]  With regard to SRP's request for judicial notice, the Court denied the request finding that the vast majority of the documents SRP presented and relied for its arguments on the merits involved disputed factual matters and "were not the complete record." Order, Jan 10, 2020 at *7-8. [ECF 29].

---

[2]  The Ninth Circuit upheld the district court's determination that state action immunity doctrine did not apply. *Ellis*, 24 F.4th at 1276-77("To the contrary, the district court correctly observed that Arizona's 'statutes signal a shift by [the] legislature to *promote* competition in the retail electricity market,' not to curtail it." …. "Even if '[t]he sort of competition [Arizona law] envisions has yet to emerge on the scale the legislature hoped,' Arizona has clearly 'expresse[d] a policy preference for competition in electricity generation and supply.'")(citations omitted).

On appeal, the Ninth Circuit affirmed the district court's holding that Plaintiffs' claims for monopolization and attempted monopolization under the Sherman Act were not barred by the filed-rate doctrine and state-action immunity. *See* 24 F.4th at 1278. The Ninth Circuit further reversed this court's dismissal of Plaintiffs' federal antitrust and equal-protection claims. *Id.* The Court of Appeals held that the equal protection claims were not untimely as new claims accrue with each monthly charge of the discriminatory higher rates imposed on solar customers like Plaintiffs. 24 F.4th at 1272 ("Indeed, Ellis suffered a new injury with each monthly bill, which means that a new claim arose each month."). Finally, the Ninth Circuit concluded that the Local Government Antitrust Act (LGAA) shields SRP from federal antitrust damages, but does not bar the declaratory or injunctive relief sought by Plaintiffs. As such, the remaining claims on remand before this court are Count I (monopolization), Count II (attempted monopolization), and Count VII (equal protection).

### III.   ARGUMENT

**A.   As the Allegations in the Complaint That There Is No Rational Basis for SRP's Conduct Must be Accepted as True, A "Renewed" Motion is Unlikely to Advance This Matter and the Court Should Allow the Parties to Proceed to Discovery.**

In considering whether to allow a "renewed" motion for dismiss, the Court should consider the applicable standard for such a motion given the prior history of this case. When a complaint is analyzed at the pleading stage under Rule 12(b)(6), well-pled factual allegations are presumed as true. *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter stating a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id*.

Here, with regard to the Equal Protection claim, Plaintiffs' complaint alleges at length that there is *no* rational basis for SRP's conduct adopting the discriminatory and anticompetitive

rates at issue. FAC ¶¶ 1, 9, 12, 96-107, 174:

> 1. …The discriminatory rates were adopted not for any rational reason but rather, in order to discourage further use and investment by consumers in solar energy sources that would reduce their reliance on electricity sold by SRP, thus lowering SRP's revenues. Additionally, SRP's conduct applying discriminatory rates violates both the United States and Arizona Constitutions by treating consumers differently when purchasing the same product from a government entity….
>
> 9. There is no rational basis for treating non-solar and solar customers differently with respect to the rates charged for the same electricity purchased from SRP. SRP's conduct of imposing discriminatory electricity rates on Plaintiffs and the Class is unreasonable, capricious, arbitrary, and oppressive. The discriminatory rates should not be sustained, since the basis for the rate differences has nothing to do with the electricity provided but instead are aimed at reducing competition and increasing SRP revenues by targeting customers who have interacted with SRP's competitive "enemies" for valid and legitimate reasons.

Those allegations must be accepted as true at the motion to dismiss stage. Consistent with Plaintiff's contentions (and rejecting Defendants' contrary arguments), the Ninth Circuit indicated that Arizona's policy is to promote competition in the electricity market, not curtail it. *Ellis*, 24 F.4th at 1276. In turn, a "renewed" motion to dismiss Plaintiff's claims is unlikely to advance this matter and the Court should allow the parties to proceed to the discovery stage. After a proper discovery period, all pertinent facts on the matters in dispute can be presented to the court to resolve the issue on the merits, whether at the summary judgment stage or trial.

While SRP attempts to argue that that burden is high to establish an equal protection violation, that does not mean that the determination on the merits of the equal protection claim can be made at the pleading stage without the benefits of a properly developed record or allowing Plaintiffs a fair opportunity to support their claims. *See e.g.*, *Merrifield v. Lockyer*, 547 F.3d 978 (9th Cir., 2008)(based on a record presented at the summary judgment stage, Ninth Circuit determined that a discriminatory licensing scheme lacked rational basis and violated the Equal Protection Clause of the Fourteenth Amendment)[3]; *Cornwell v. Hamilton,* 80 F.Supp.2d 1101

---

[3] In *Merrified*, in denying the earlier motion for judgment on the pleadings, the district court specifically noted that the allegations in the complaint must be accepted as true at the pleading stage "nothing in the FAC [first amended complaint] suggests, let alone "clearly establishes," such intent or concedes the reasonableness thereof." *Merrifield v. Schwarzenegger*, No. 04-498 MMC, 2004 WL 2926160, *1 (N.D. Cal., Sept. 23, 2004). This was consistent with district court's earlier order, denying the motion to dismiss, where the district court concluded that determining whether there was a rational basis for the challenged law was premature at the

6

(S.D. Cal.1999)(violation of equal protection clause found at summary judgment stage, following denial of motion for judgment on the pleadings); *Craigmiles v. Giles,* 312 F.3d 220, 222 (6th Cir.2002)(Sixth Circuit affirmed district court's determination, following a bench trial, that discriminatory licensing requirement for funeral directors violated equal protection and due process); *St. Joseph Abbey v Castille*, 712 F.3d 215, 226-227 (5th Cir. 2013)(Fifth Circuit affirmed order of district court, following bench trial, that rational basis test was not satisfied and Equal Protection Clause of Fourteenth Amendment was violated by discriminatory statute granting funeral homes exclusive right to sell caskets.).  This is especially true in the situation presented in this case given that SRP already attempted unsuccessfully to introduce several documents outside of the complaint through its prior Request for Judicial Notice, claiming they were significant. Order at *7-8, [ECF 29].  In doing so, however, SRP demonstrated that the merits of this claim was best resolved on a full record after a fair opportunity for discovery.

**B.    Because the Equal Protection Claim Involves Fact Issues Requiring Discovery, the Court Should Not Trigger a Second Motion to Dismiss or Briefing to Entertain It.**

Although the Court of Appeals declined to address whether "the distinctions drawn by the E-27 plan are supported by a rational basis," and "le[ft] it to the district court to consider on remand", it in no way directed this Court to evaluate the claim under Rule 12(b)(6) without the benefit of discovery and a proper record. *Ellis*, 24 F.4th 1273.  Remand includes all proceedings, including summary judgment and trial.

SRP contends that the viability of Plaintiffs' Equal Protection theory presents a pure question of law. Def. Br. at *3, 5. This is incorrect. Whether SRP had a rational basis related to a legitimate state interest in discriminating against and penalizing its solar panel customers through higher rates is an issue of disputed fact and is inappropriate to resolve at the motion to dismiss stage. Rational basis review requires an analysis of conflicting fact issues that must be

---

pleading stage. *Merrifield v. Schwarzenegger,* No. 04-498 MMC, 2004 WL 2926161, *5 (N.D. Cal., July 16, 2004) ("Plaintiffs argue that the issue of whether the Legislature lacked a rational basis to require non-pesticide ADP & BC providers to obtain a Branch 2 License is premature. The Court agrees…. Additionally, plaintiffs have not had the opportunity to provide evidence in support of their claims. … Accordingly, the Court finds that consideration of the merits of plaintiffs' claims is, at the present time, premature.")

7

decided on a properly developed factual record. *Borden's Farm Prods. Co. Inc. v. Baldwin,* 239 U.S. 194, 210 (1934).

> The rational basis standard, of course, cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard. The latter standard is procedural, and simply allows the plaintiff to progress beyond the pleadings and obtain discovery, while the rational basis standard is the substantive burden that the plaintiff will ultimately have to meet to prevail on an equal protection claim.

*Wroblewski v. City of Washburn,* 965 F.2d 452, 459-60 (7th Cir. 1992).

In conducting a rational basis analysis, disputed factual issues that are presented are inappropriate to resolve on a motion to dismiss prior to discovery. *See Arizona Dream Act Coalition v. Brewer,* 945 F. Supp. 2d 1049, 1077 (D. Ariz. 2014), *rev'd on other grounds,* 757 F.3d 1053 (9th Cir. 2014) (fact issues pertaining to whether state had rational basis for distinguishing between groups could not be resolved on a motion to dismiss and there had been only limited discovery in the case); *Odonnell v. Harris County, Texas,* 277 F. Supp. 3d 706, 731-32 (S.D. Tex. 2016) ("Rational basis is a factual inquiry. Courts are properly reluctant to dismiss without permitting plaintiffs to make a factual showing that a government policy is irrational…. Without a developed factual record these disputes cannot be resolved. A motion to dismiss is not the right way to resolve these disputes."), *rev'd on other grounds,* 892 F.3d 147 (5th Cir. 2018).

A "perplexing situation" arises when a lawsuit challenging a government action subject only to rational basis review is evaluated under the deferential standard of a Rule 12(b)(6) motion to dismiss. *Wroblewski,* 956 F.2d at 459. "The solution is to 'take as true all of the complaint's allegations and reasonable inferences that follow, [and then] apply the resulting 'facts' in light of the deferential rational basis standard." *Flying J Inc. v. City of New Haven,* 549 F.3d 538, 546 (7th Cir. 2008) (quoting *Wroblewski*, 956 F.2d at 460). The court in *Wroblewski* ultimately held that to get past a Rule 12(b)(6) motion to dismiss on a class of one equal protection claim, a plaintiff must merely "allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Wroblewski,* 965 F.2d at 460. Here, Plaintiffs have alleged sufficient facts to overcome the presumption that there is no rational basis between SRP's implementation of discriminatory rates and a legitimate

governmental goal. FAC ¶¶1, 9, 12, 96-107, 174. SRP's contrary rational basis assertion for its implementation of discriminatory rates and anticompetitive conduct is at best a disputed factual issue, especially in light of Arizona statutes that prohibit the type of conduct SRP has engaged. *See e.g.*, A.R.S. §§30-805, 30-813. *See Ellis*, 24 F.4th at 1276-77 (describing Arizona's pro-competition and anti-discrimination statutes in the EPCA). Therefore, to adjudicate Plaintiffs' Equal Protection claim necessitates discovery. For instance, whether SRP was motivated by an alleged need to recover the cost of serving solar customers is a fact question that Plaintiffs must be permitted to probe in discovery. Similarly, whether solar customers in fact contribute benefits to the electrical grid rather than create additional costs is a fact question that Plaintiffs must be permitted to probe in discovery. The reason for the discriminatory higher rates adopted and imposed on solar customers buying the same electricity is a fact issue. Furthermore, SRP will eventually need to show factually how its discriminatory rates[4] actually serve their alleged cost-savings purpose. *Sprouse v. Ryan*, 346 F. Supp. 3d 1347, 1363 (D. Ariz. 2017) (denying the defendant's summary judgment motion for failure to state how the discriminatory treatment serves the state's legitimate purpose). None of this can be conclusively decided in SRP's favor on a motion to dismiss "as a matter of law", where the facts alleged in the complaint must be accepted as true, and where the allegations are that there is no rational basis for the implementation of the discriminatory and anticompetitive electricity rates for solar users.

This Court recognized the fact-intensive nature of what SRP calls its "ratemaking" process, including references to the alleged costs for servicing solar customers and the discriminatory rates it adopted, when it rejected SRP's bid to supplement the motion to dismiss

---

[4] SRP's attempt to defeat the equal protection claim "as a matter of law, without discovery" would also be futile. The Court of Appeals put its heavy thumb on the scale of whether charging solar customers such discriminatory rates could be considered a legitimate interest when it noted that Arizona "prohibits public power entities from calculating rates so as to offset '[a]ny reduction in electricity purchases ... resulting from self-generation.'" *Ellis*, 24 F.4th at 1277 (quoting A.R.S. § 30-805(D)). SRP's attempt to rationalize its conduct by relying on such alleged costs *contradict* the declared legitimate interests an public policies expressly adopted by Arizona.

9

1  record with numerous documents *not* referenced by the pleadings in its Request for Judicial
2  Notice. The Court held,

> Review of each Exhibit … under the incorporation-by-reference doctrine and Rule 201 reveals their consideration at this stage is inappropriate. For the most part, the Exhibits merely create a defense for the District. Further, they lack Rule 201's high degree of indisputability, necessary to dispense with the traditional methods of introducing evidence at trial. Notably, we are currently at the motion to dismiss stage.

Order, Jan 10, 2020 at *8, [ECF 29]. *See also SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.,* 2015 WL 65034339, *3 (D. Ariz. Oct. 27, 2015)(denying request for judicial notice, stating: "But again, SolarCity disputes the context in which the documents were produced. The documents contain hearsay and opinions of non-experts that are subject to reasonable dispute. Taking judicial notice is not appropriate where the Court would be required to weigh evidence without providing SolarCity an opportunity to rebut.").

SRP admits that these documents "directly relate to Plaintiffs' allegations regarding [SRP's] justifications for adopting the challenged E-27 rate." *Id.* at 7. [ECF 29]  With so many documents already identified by the Court as both (1) related to the legitimacy of SRP's solar rates and (2) presenting disputed factual issues inappropriate for consideration at the motion to dismiss stage, it is beyond question that the issue of whether the challenged rate is rationally related to a legitimate state interest is a factual one.  SRP's request to file another motion to dismiss on this basis should therefore be denied. Nor should the Court countenance SRP's request for "supplemental briefing" on the issue of the viability of Plaintiffs' equal protection claim. SRP fails to indicate why its prior briefing on the issue was inadequate, other than to say that, at the time, it failed to devote the amount of attention to the issue it now believes it deserves. Having failed to cite any purported change in the law or facts, SRP's request should be denied.

**C.    Because the Court of Appeals Expressly Reversed the Dismissal of Plaintiffs' Attempted Monopolization Theory, This Court Should Not Second Guess That Mandate.**

SRP attempts an end-run around the Ninth Circuit's finding that Plaintiffs adequately alleged antitrust injury. SRP mistakenly claims that "the Ninth Circuit did not disturb this Court's statement that plaintiffs lack standing to bring their attempted-monopolization claim

(count II) because they are consumers rather than its competitors." Def. Br. at 1. Under SRP's formulation, even though the Ninth Circuit found Plaintiffs have adequately alleged antitrust injury, Plaintiffs—as "consumers"— nonetheless lack antitrust "standing." SRP conspicuously ignores both the actual ruling by the Court of Appeals, to which this Court is bound under the law of the case doctrine, and established circuit law.

The Court of Appeals expressly revived the attempted monopolization claim in its remand order:

> Ellis asserts claims for monopolization *and attempted monopolization* in violation of the Sherman Act, 15 U.S.C. § 2. The district court dismissed those claims for failure to allege antitrust injury. … We reverse the district court's holding on antitrust injury and affirm its other rulings.

*Ellis*, 24 F.4th 1273. SRP's argument—that Plaintiffs established antitrust injury but not antitrust standing—is a fictitious distinction that does not withstand the clear ruling of the Court of Appeals. On appeal, SRP argued that "Ellis has not adequately alleged antitrust injury because he paid the higher rate *before SRP could succeed in fully displacing competition*." *Id*. at 1274 (emphasis added). That is the exact argument SRP made to this Court in arguing that Plaintiffs do not have standing to assert an attempted monopolization theory: "Only when the defendants achieve a monopoly … is there harm to the consumers." ECF No. 14-1 at 37. The Panel unanimously rejected this "flawed" argument because "a plaintiff need not allege that the exclusionary conduct has succeeded in displacing all competition," only that "diminished consumer choices and increased prices are the result of a less competitive market due to either artificial restraints or predatory and exclusionary conduct." *Ellis*, 24 F.4th at 1274. The Court of Appeals expressly recognized that the higher prices that caused Plaintiffs' antitrust injury resulted, at least in part, directly from SRP's *attempted* monopolization.

> The increased prices that SRP imposed on solar customers are inextricably intertwined with—*indeed they are the means of*—SRP's allegedly unlawful *scheme to reduce* solar-energy *competition*. SRP cannot escape liability by portraying Ellis's injury as mere collateral damage of its exclusionary conduct. Ellis alleges a purposefully anticompetitive scheme and seeks to recover as damages the sums lost to him as the consequence of SRP's *attempt* to pursue that scheme.

*Id.* at 1275 (emphasis added; cleaned up). SRP cannot relitigate the proper pleading of the

attempted monopolization theory now, as this Court is bound by the circuit court's mandate. Dismissal of Plaintiffs' attempted monopolization claim on the basis that SRP had not yet succeeded in displacing solar competition would contravene the law of the case.

Furthermore, SRP's argument is contrary to established law. As the Ninth Circuit has recognized, "it is not the status as a consumer or competitor that confers antitrust standing, but the relationship between the defendant's alleged unlawful conduct and the resulting harm to the plaintiff." *Am. Ad. Mgmt., Inc. v. Gen. Tel. of California*, 190 F.3d 1051, 1058 (9th Cir. 1999). As demonstrated above, the Court of Appeals found such a relationship here, establishing antitrust standing as to the attempted monopolization theory. *Ellis*, 24 F.4th at 1275.[5] The United States Department of Justice concurred in the detailed brief that it filed in support of Plaintiffs' position. *See* Brief for the United States of America as Amicus Curiae Supporting Plaintiffs-Appellants at *11-20, *Ellis v. Salt River Project Agric. Improvement and Power Dist.*, No. 20-15301 (9th Cir. July 8, 2020), ECF No. 18.

For all the above reasons, this Court should decline SRP's invitation to ignore the circuit court's ruling that Plaintiffs have adequately pled the attempted monopolization theory.

**D.  If a Renewed Motion is Allowed, External Materials Outside the Complaint Should be Disallowed Without Prior Discovery.**

As noted above, in the initial motion to dismiss filed in 2019, SRP attempted to have the Court consider materials from outside the complaint. SRP attempted to do the same in the prior *Solar City v. SRP* case. Both times SRP's requests for judicial notice were denied, but only after additional motion practice and placing Plaintiffs in an unfair position of potentially having to respond to new materials at the pleading stage. Certainly SRP should not be allowed to argue at this time that it can bring a new motion to dismiss seeking to have the claims in dispute adjudicated "without discovery" only for it to attempt to introduce new materials found outside

---

[5]  *See In re Live Concert Antitrust Litig*, 247 F.R.D. 98, 152-153 (C.D. Cal. 2007)(Purchasers of tickets to live rock concerts had standing to bring attempted monopolization claim against concert promoter and its subsidiaries, considering that plaintiffs' injury of higher ticket prices was the type of injury antitrust laws were intended to prevent, damages were not indirect or speculative, and there was no risk of duplicative recovery.)

12

the Complaint again through another request for judicial notice. As indicated above, Plaintiff believes the proper procedure at this point is for the parties to proceed directly to the discovery phase so a fair exchange of factual materials between the parties can occur prior to further motion practice. To the extent the Court allows a renewed Motion to Dismiss, the Court should make clear that documents and other materials from outside the complaint should not again be attempted to be filed by SRP in connection to any such motion.

## IV.   CONCLUSION

The only party that can be granted judgement without further discovery in this case is Plaintiffs given that the allegations in the complaint must be accepted as true and the ECPA. For all the above reasons, this Court should deny SRP's motion to file a renewed Motion to Dismiss. The Court should instead order the parties to meet and confer and submit a Fed. R. Civ. P. 26(f) report proposing a case schedule.

Date: March 28, 2022

**ZIMMERMAN REED LLP**

By:   /s/ Hart Robinovitch
Hart L. Robinovitch (AZ SBN 020910)
14646 North Kierland Blvd., Suite 145
Scottsdale, AZ  85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
Email: hart.robinovitch@zimmreed.com

**ZIMMERMAN REED LLP**
David M. Cialkowski (*pro hac vice*)
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Email: david.cialkowski@zimmreed.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson (*pro hac vice*)
Daniel C. Hedlund (*pro hac vice*)
Daniel J. Nordin (*pro hac vice*)
Canadian Pacific Plaza
120 South Street, Suite 2600
Minneapolis, MN  55402
Telephone: (612) 333-8844

13

Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dhedlund@gustafsongluek.com
Email: dnordin@gustafsongluek.com

*Attorneys for Plaintiffs*