WILMER CUTLER PICKERING
HALE AND DORR LLP
Christopher E. Babbitt (*pro hac vice*)
Daniel Volchok (*pro hac vice*)
David Gringer (*pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com
david.gringer@wilmerhale.com

JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
Eric D. Gere – 023226
egere@jsslaw.com
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2633
MinuteEntries@jsslaw.com

*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>　　　　　　　　Defendant. | Case No. 2:19-cv-1228-SMB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE RENEWED MOTION TO DISMISS** |

# ARGUMENT

Plaintiffs' opposition provides no sound basis to deny the District's motion for leave to file a renewed motion to dismiss counts VII (equal protection) and II (attempted monopolization). Plaintiffs do not deny that resolving the viability of those claims could drastically affect the scale, scope, and complexity of this putative class action. Nor do they argue that they would be unduly prejudiced by further briefing. Indeed, they simply ignore most of the District's arguments. Instead, they address *the substance* of those claims—briefing the very issues on which they contend no further briefing is warranted, and effectively turning their opposition to the District's narrow procedural motion into a 13-page opposition to an (as-yet unfiled) renewed motion to dismiss. In any event, all their arguments lack merit.

## A. The Interests of Judicial Economy

Plaintiffs completely ignore the District's argument (Mot. 4-5) that considerations of judicial economy and efficiency strongly militate in favor of resolving at the outset whether plaintiffs have stated viable claims—particularly as to the equal-protection claim, because that is the *only* claim on which they could recover damages, meaning that allowing that claim to go forward would necessitate substantially more complex class-certification proceedings, discovery, summary-judgment proceedings, and (if the case got that far), trial. Needless to say, ignoring the point does not make it go away.

## B. Equal Protection (Count VII)

Plaintiffs' opposition to supplemental briefing on count VII rests on three erroneous claims. First, they argue that the Ninth Circuit did *not* make clear that it expected this Court on remand to consider the District's argument that plaintiffs failed to plead a viable equal-protection claim. Opp. 7. Second, they assert that equal-protection claims are generally not subject to dismissal because the existence of a rational basis cannot be determined "at the pleading stage without the benefits of a properly developed record or allowing Plaintiffs a fair opportunity to support their claims." *Id.* at 6. Third, they contend that, even if *some* equal-protection claims are subject to dismissal, theirs is not because they alleged that

"[t]here is no rational basis for treating non-solar and solar customers differently," an allegation they assert "must be accepted as true at the motion to dismiss stage." *Id.* (quoting First Amended Complaint ("FAC") ¶ 9). All three points are wrong.

1.      Plaintiffs argue that "[a]lthough the Court of Appeals … 'le[ft] it to the district court to consider on remand,' it in no way directed this Court to evaluate the [equal-protection] claim under Rule 12(b)(6) without the benefit of discovery and a proper record. Remand includes all proceedings, including summary judgment and trial." Opp. 7 (citation omitted). That argument fails.

Plaintiffs selectively quote from the Ninth Circuit's decision, but a fuller excerpt shows clearly that the court of appeals expected that on remand this Court would consider the District's argument for "dismissal" of the equal-protection claim. The Ninth Circuit stated:

> SRP urges us to affirm the *dismissal* of the equal protection claim on the alternative ground that the distinctions drawn by the E-27 plan are supported by a rational basis and are therefore permissible. But the district court did not address *that theory*, and we decline to do so in the first instance. Instead, we leave it to the district court to consider on remand.

*Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1273 (9th Cir. 2022) (emphases added). The Ninth Circuit thus said unambiguously that it would not address "that theory," i.e., the District's alternative theory for "dismissal," but would instead "leave it," i.e., that theory for dismissal, "to the district court to consider on remand." *Id.* This Court should do so, because—as plaintiffs never dispute—the District raised the argument at the proper time and was denied a ruling only because the Ninth Circuit both disagreed with this Court's alternative basis for dismissing the same claim and chose not to address the argument itself.

To be clear, SRP does not contend, as plaintiffs suggest, that the Ninth Circuit *directed* this Court to decide SRP's alternative theory for dismissal at the pleading stage. Whether to do so is instead a matter of ordinary case management left to this Court's

discretion. But for the reasons given above and in the District's motion, deciding the issue now, after receiving additional briefing, is warranted.

2. Although they assert that equal-protection claims subject to rational-basis review cannot be dismissed on the pleadings, plaintiffs ignore the clear Supreme Court and Ninth Circuit cases the District cited in its motion (at 5) holding the opposite. In particular, in *Taylor v. Rancho Santa Barbara*, 206 F.3d 932 (9th Cir. 2000), the Ninth Circuit affirmed the dismissal of an equal-protection challenge to a law permitting mobile home parks to exclude residents under the age of 55, because the Ninth Circuit conceived many rational bases to distinguish potential residents on the basis of age, *id.* at 938. Likewise, the Supreme Court in *FCC v. Beach Communications*, 508 U.S. 307 (1993), made clear that factual development is unnecessary on rational-basis review because "a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data," *id.* at 315. Thus, it is well established that "[t]he rational basis test may be applied on a motion to dismiss," *HSH, Inc. v. City of El Cajon*, 44 F. Supp. 3d 996, 1008 (S.D. Cal. 2014), and courts in the Ninth Circuit routinely dismiss equal-protection claims subject to rational-basis review precisely because the existence of a conceivable rational basis for government action is a pure question of law requiring no factual development. *See Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005); *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1283 (9th Cir. 2004); *A.J. Cal. Mini Bus, Inc. v. Airport Comm'n of the City & Cty. of S.F.*, 148 F. Supp. 3d 904, 919 (N.D. Cal. 2015). Again, the fact that plaintiffs ignore the binding precedent the District cited does not make it any less binding.[1]

3. Likewise foreclosed by binding precedent (foreclosed in two separate ways, in fact) is plaintiffs' claim that this Court must deem true their allegation that there is no

---

[1] These cases also refute plaintiffs' effort to deny that "the viability of [their] Equal Protection theory presents a pure question of law." Opp. 7. There can be no serious argument that whether a complaint states a plausible claim for relief is indeed a pure question of law. *See, e.g., Heimrich v. U.S. Dep't of the Army*, 947 F.3d 574, 577 (9th Cir. 2020) ("Dismissal for failure to state a claim is a question of law[.]").

rational basis for the challenged rate. Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that allegation is *not* taken as true because it is both purely conclusory and legal rather than factual. Indeed, *Twombly* could not have been clearer in stating that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555; *accord Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Likewise, "[a] pleading that offers 'labels and conclusions … will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). What plaintiffs needed to allege to avoid dismissal were *facts* that "negat[e] every conceivable basis which might support" the challenged rate, *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). "At the motion to dismiss stage, that means that the plaintiffs must plausibly allege that no set of circumstances exists under which the [a]ct would be valid." *A.J. Cal. Mini Bus*, 148 F. Supp. 3d at 919 (alteration in original) (quotation marks omitted).

Against these bedrock principles, plaintiffs cite individual instances of equal-protection claims being resolved at summary judgment or of district courts denying motions to dismiss. None of those help plaintiffs, because the District's position is not (of course) that rational-basis equal-protection claims must always be dismissed. None of the cases plaintiffs cite held or even hinted that equal-protection claims are categorically exempt from Rule 12(b)(6)—unsurprisingly, given the binding contrary precedent cited above. Nor do plaintiffs' cases support allowing equal-protection claims to proceed on the basis of

conclusory allegations that the defendants acted unlawfully (again unsurprisingly, for the same reason).[2]

Nor do any of plaintiffs' cited cases provide any support for their desire to take discovery on "whether SRP was *motivated* by an alleged need to recover the cost of serving solar customers." Opp. 9 (emphasis added). Supreme Court precedent makes any such motivation immaterial; the Court has deemed it "*entirely irrelevant* for constitutional purposes whether" a government body "was actually motivated by the conceived reason for the challenged distinction." *Beach*, 508 U.S. at 315 (emphasis added), cited in Mot. 5. Again, plaintiffs cannot prevail simply by ignoring the binding precedent the District cited. Nor can plaintiffs prevail by arguing that the basic question of "whether solar customers in fact contribute benefits to the electrical grid rather than create additional costs is a fact question that Plaintiffs must be permitted to probe in discovery." Opp. 9. Setting aside how astonishing it is that plaintiffs evidently lack a factual basis for one of the central allegations in their complaint (e.g., FAC ¶¶ 11, 62), whether solar customers in fact contribute benefits rather than costs is irrelevant, as equal-protection case law is clear that government action "is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data," *Beach*, 508 U.S. at 315.

---

[2] For instance, in *Merrifield v. Lockyer*, 547 F.3d 978 (9th Cir. 2008), the Ninth Circuit held (on summary judgment) that a rational basis existed for certain aspects of a state pest-control licensing scheme but did not exist as to another aspect of the scheme; the Ninth Circuit never indicated that rational-basis review requires "a properly developed record," as plaintiffs claim (Opp. 6). Similarly, in *Craigmiles v. Giles*, 312 F.3d 220 (6th Cir. 2002), and *St. Joseph Abbey v. Castille*, 712 F.3d 215 (5th Cir. 2013), the courts affirmed rulings, following bench trials, that the government conduct at issue did not pass rational-basis review; but neither court suggested, as plaintiffs do, that these claims survived a motion to dismiss because additional fact-finding was needed. Plaintiffs also point to *Arizona Dream Act Coalition v. Brewer*, 945 F. Supp. 2d 1049 (D. Ariz. 2014), *rev'd*, 757 F.3d 1053 (9th Cir. 2014), to argue that, "[i]n conducting a rational basis analysis, disputed factual issues that are presented are inappropriate to resolve on a motion to dismiss prior to discovery." Opp. 8. But there, the district court denied defendant's motion to dismiss the equal-protection claim not because more fact-finding was needed—as plaintiffs suggest—but because the court, in connection with a cross-motion for a preliminary injunction, had "found that Plaintiffs have shown a likelihood of success on the merits of their equal protection claim." *Arizona Dream Act Coalition*, 945 F. Supp. 2d at 1077.

      Here, the FAC acknowledges several rational bases for distinguishing between solar and non-solar customers. It alleges that solar consumers generate excess electricity, which is "stored into the grid and purchased at retail rates by other customers." FAC ¶ 64. And through a practice known as net metering, solar customers (unlike non-solar customers) are "billed for the energy they used from the grid minus the excess electricity they produced." *Id*. As the FAC itself alleges, therefore, solar customers are distinct from other customers and have different servicing needs. Utility ratemaking includes the process of identifying the cost of serving such distinct classes of customer with the legitimate goal of minimizing subsidies between those different groups. *See Freeport Minerals Corp. v. Ariz. Corp. Comm'n*, 419 P.3d 942, 945-946 (Ariz. Ct. App. 2018) (recognizing that the goal of ratemaking is to base rates on the cost of service and to "reduc[e]" any "pre-existing interclass subsidies"). The FAC similarly acknowledges a second rational basis for E-27: adopting a rate design that would fairly recover SRP's costs for serving solar customers and avoid shifting fixed costs to non-solar customers. *See* FAC ¶ 46 (noting that a defect in the net metering favored by plaintiffs is that it "allows customers to engage in the use of new [rooftop solar] technologies, while shifting costs/lost revenues to the remaining non-participating customers"). As plaintiffs acknowledge, Opp. 8, E-27 is entitled to a presumption of rationality. Plaintiffs' have failed to overcome this presumption; their own allegations of rational bases show that their equal-protection claim is not viable as a matter of law.

      The FAC acknowledges that the District has offered justifications for E-27, *see* FAC ¶ 100, but plaintiffs respond that these bases are "pretextual," *id*., and that discovery is needed to probe "whether SRP was motivated by an alleged need to recover the cost of serving solar customers," Opp. 9. But again, an allegation of pretext does not avoid dismissal, because the government's motive is constitutionally irrelevant, *see Beach*, 508 U.S. at 315. Nothing in plaintiffs' opposition answers that point. Nor do they offer anything to overcome their acknowledgement that the Arizona Corporation Commission has "establishe[d] rooftop solar customers as a separate rate class," FAC ¶ 63 & n.13, or any

reason why it would be rational for the ACC to distinguish between solar and non-solar customers, but irrational for the District to do so.

*   *   *

Nothing in plaintiffs' opposition overcomes—or indeed even addresses—the fundamental reasons why the District's motion for leave should be granted: The District presented its argument for dismissal at the proper time, the Ninth Circuit expressly left it for this Court to consider that argument on remand, and resolving that argument now could make an enormous difference in how this case is litigated, i.e., could have a substantial impact on judicial and party resources. And to the extent the Court is willing to entertain plaintiffs' extended arguments about the substance of the District's dismissal argument (despite those arguments being improper responses to the District's motion for leave), the arguments directly contradict—time and time again—binding precedent regarding what is required to state a viable equal-protection claim that is subject to rational-basis review. The District's motion for leave should be granted.

### C. Attempted Monopolization (Count II)

The District's motion explained that this Court should dismiss count II because, as the Court already concluded, plaintiffs lack standing to assert a claim for attempted monopolization. Plaintiffs' responses conflate the requirement of antitrust *injury* (which the Ninth Circuit addressed) with the distinct requirement of antitrust *standing* (which the Ninth Circuit did not address). Antitrust injury is "necessary, but not always sufficient" to establish antitrust standing. *American Ad Mgmt. Inc. v. General Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1999) (quotation marks omitted). Pleading "antitrust injury is … the threshold requirement," *Somers v. Apple, Inc.*, 729 F.3d 953, 964 n.5 (9th Cir. 2013), but the antitrust-standing analysis requires courts to consider additional factors, including "the directness of the injury," "the speculative measure of the harm," "the risk of duplicative recovery," and "the complexity in apportioning damages." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 140 F.3d 1228, 1232 (9th Cir. 1998). This Court already recognized that antitrust injury and antitrust standing are distinct requirements when it stated

-7-

that it "agrees with the District that the competitor, not the consumer [like Plaintiffs], is the party with antitrust standing to bring a claim of *attempted monopolization*," ECF No. 29 at 27 n.17 (alteration in original) (quotation marks omitted), but declined formally to reach the question of antitrust standing because doing so was unnecessary, *id.*

Other courts in this circuit have reached the same conclusion, holding that "consumers … lack standing to bring a claim for attempted monopolization." *Neagle v. Goldman Sachs Grp., Inc*, 2019 WL 1102199, at *12 (D. Or. Mar. 1, 2019), *aff'd sub nom. Neagle v. Altisource Sols., Inc.*, 820 F. App'x 606 (9th Cir. 2020); *see also Simpson v. US W. Comm'cns, Inc.*, 957 F. Supp. 201, 205 (D. Or. 1997); *In re Air Passenger Computer Reservation Sys.*, 727 F. Supp. 564, 569 (C.D. Cal. 1989) (citing Areeda & Hovencamp, *Antitrust Law*, ¶¶ 340.2b & 337.1 (1988 Supplement)); *Davis v. S. Bell Tel. & Tel. Co.*, 1994 WL 88981, at *16 (S.D. Fla. 1994). That is because "when defendants engage in predatory pricing and other anticompetitive acts in an attempt to gain a monopoly, the competitor who is being driven out of the market is the party with standing." *In re Air Passenger*, 727 F. Supp. at 568-569.

Neither *American Ad Management* nor the Ninth Circuit's decision in this case are to the contrary, as plaintiffs assert. Plaintiffs cite (Opp. 12) *American Ad Management*'s statement that "it is not the status as a consumer or competitor that confers antitrust standing," 190 F.3d at 1058. That selective quotation is misleading. In that case, the defendant argued that only consumers or competitors could assert antitrust injury at all. *Id.* at 1057. The Ninth Circuit rejected that argument, holding that other market participants—such as indirect purchasers, suppliers, licensors, and dealers—can suffer antitrust injury that could give rise to antitrust standing. *Id.* at 1057-1058. Contrary to plaintiffs' suggestion, the court in *American Ad Management* did not hold that consumers have antitrust standing to bring attempted monopolization claims—nor could it have done so, since that case did not even concern an attempted monopolization claim. Nor did the Ninth Circuit do so here. The Ninth Circuit addressed only the District's antitrust-injury theory, never reaching the District's antitrust-standing argument with respect to the attempted monopolization claim.

That argument rests on the simple fact that unless a firm has monopoly power, the firm by definition cannot charge monopoly prices and thus consumers cannot be harmed by a monopoly overcharge. *In re Air Passenger*, 727 F. Supp. at 568-569.

### D. External Materials

Finally, plaintiffs ask that if this Court grants the District's motion, it disallow materials external to the FAC. Presumably this request is founded on a concern that the Court might be made aware of other instances in which utilities and utility commissions have distinguished between solar and non-solar customers—that is, instances beyond the Arizona Corporation Commission example cited in footnote 13 of the FAC (which the Court of course can and should consider in ruling on dismissal). Plaintiffs' concern is both premature and baseless, as it well settled that "[i]n applying the rational basis test at the motion to dismiss stage, a court may go beyond the pleadings to hypothesize a legitimate governmental purpose." *HSH*, 44 Supp. 3d at 1008 (citation omitted). In any event, there is no need for the Court to address the propriety of external sources now. If the Court entertains further briefing, the parties can address consideration of additional sources outside the FAC at the appropriate time.

### CONCLUSION

This Court should grant the District's motion for leave to file a renewed motion to dismiss counts II and VII and order supplemental briefing on count VII.

RESPECTFULLY SUBMITTED this 4th day of April, 2022.

/s/ Christopher E. Babbitt

| | |
|---|---|
| JENNINGS, STROUSS & SALMON, P.L.C.<br>A Professional Limited Liability Company<br>Eric D. Gere – 023226<br>egere@jsslaw.com<br>One East Washington Street, Suite 1900<br>Phoenix, AZ 85004<br>Telephone: (602) 262 5911<br>Facsimile: (602) 495 2633<br>minuteentries@jsslaw.com | WILMER CUTLER PICKERING HALE AND DORR LLP<br>Christopher E. Babbitt (*pro hac vice*)<br>Daniel Volchok (*pro hac vice*)<br>David Gringer (*pro hac vice*)<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Telephone: (202) 663 6000<br>Facsimile: (202) 663 6363<br>christopher.babbitt@wilmerhale.com<br>daniel.volchok@wilmerhale.com<br>david.gringer@wilmerhale.com<br><br>*Attorneys for Defendant Salt River Project Agricultural Improvement and Power District* |

**CERTIFICATE OF SERVICE**

On April 4, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

ZIMMERMAN REED LLP
14646 North Kierland Blvd., Ste. 145
Scottsdale, AZ 85254
Hart L. Robinovitch

ZIMMERMAN REED LLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
David M. Cialkowski
Alia M. Abdi

GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Street, Suite 2600
Minneapolis, MN 55402
Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin

/s/ Christopher E. Babbitt