Hart L. Robinovitch (AZ SBN 020910)
**ZIMMERMAN REED LLP**
14646 North Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
Email: hart.robinovitch@zimmreed.com

*Attorneys for Plaintiffs and the Class*

*(Additional Counsel listed below)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>Defendant. | CASE NO.: 2:19-CV-1228-PHX-SMB<br><br>**JOINT RULE 26(f) REPORT**<br><br>SCHEDULING CONFERENCE set for September 7, 2022.<br><br>(Assigned to the Honorable Susan M. Brnovich.) |

The parties to this lawsuit hereby submit their joint Rule 26 scheduling report. Counsel for the parties met and conferred about this submission on August 24, 2022.

**1. PARTIES WHO ATTENDED THE RULE 26(f) MEETING:**

**Plaintiffs' Counsel:** Hart Robinovitch and Dan Nordin.

**Defendant's Counsel:** Christopher Babbitt, Daniel Volchok, David Gringer, and Eric Gere.

**2. LIST OF PARTIES:**

**Plaintiff:** William Ellis, Robert Dill, Edward Rupprecht and Robert Gustavis.

**Defendant:** Salt River Project Agricultural Improvement and Power District.

**3. STATEMENT OF THE CASE**

**Plaintiffs' statement:**

This class action case arises out of Defendant Salt River Project Agricultural Improvement and Power District's ("SRP") actions to unlawfully maintain its existing monopoly power over the retail delivery of electricity to customers throughout its service territory within the State of Arizona, by implementing a pricing scheme designed to eliminate solar energy competition. The pricing scheme, which charged SRP customers who self-generate part of their electricity higher rates, causing common financial loss, injury and damage to Plaintiffs and other customers in the Class. In particular, when faced with the threat of competitors selling solar electricity systems to current and potential SRP customers, resulting in them being able to self-generate some of their own electricity and to reduce their reliance on electricity purchased from SRP—an environmentally conscious decision—SRP reacted aggressively by adopting differential rates (the E-27 rates) aimed at quashing that competition. The E-27 rates increased solar consumer's electricity rates for the supplemental power still needed to purchase to a level that essentially eliminated any cost benefits from self-generation. SRP's conduct imposing differential, higher rates on solar customers to both penalize them and to drive out solar competitors, which it has referred to as the "enemy," is alleged to violate the Sherman Act. *See Solar City v. Salt River Project Agricultural Improvement and Power District*,

No. CV-15-00374, 2015 WL 6503439, at *13 (D. Ariz. Oct. 27, 2015) (valid claims for anticompetitive conduct stated).

While certain claim set forth in the First Amended Complaint have been dismissed, Count I for violation of the Sherman Act remains. In particular, the Ninth Circuit Court of Appeals held that Plaintiffs properly alleged a claim for violation of the Sherman Act, including antitrust injury, and can pursue their claim for injunctive and declaratory relief. *Ellis v Salt River Project Agricultural Improvement and Power District*, 24 F.4th 1262, 1274, 1278 (9th Cir. 2022). Certain additional facts relevant to the remaining claim are set forth in Plaintiffs' briefs on the prior motions to dismiss, on file with the court, as well as the Amicus Brief of the Department of Justice, filed before the Ninth Circuit Court of Appeals in this matter. (ECF Nos. 21, 49).

The principal legal issues presented are:

a. Whether Defendant's conduct violated the Sherman Act, 15 U.S.C. § 2;

b. Whether class certification is appropriate under Fed. R. Civ. P. 23(b)(2);

c. The type and scope of injunctive relief due;

d. The type and scope of declaratory relief due.

**Defendant's statement:**

The Salt River Product Agricultural Improvement and Power District is a political subdivision of Arizona providing electric service to more than one million customers in central Arizona. In 2014 and 2015, the District's elected board of directors conducted a public rate-making process as required by Arizona law, including conducting public meetings and receiving public comments. At the conclusion of the process, the board adopted new electric rates, including a rate (known as E-27) for customers who self-generate some of their electricity through rooftop solar panels and other means. As the District explained at the time, this was done to ensure that all District customers were paying their fair share of the District's fixed

costs. Plaintiffs did not participate in the public ratemaking process and did not follow the statutory process for challenging that ratemaking, instead bringing this suit years later.*

Plaintiffs initially brought nine state and federal claims on behalf of a putative class. All but one of those claims have now been dismissed, after being challenged at the motion-to-dismiss stage. As to plaintiffs' sole remaining claim, which alleges monopolization in violation of the Sherman Act, the Ninth Circuit affirmed this Court's ruling that plaintiffs may not recover damages on that claim. *See Ellis v. Salt River Project Agricultural Improvement & Power District*, 24 F.4th 1262, 1277-1278 (9th Cir. 2022). Thus, the only available remedy sought by plaintiffs is injunctive relief.

The District did not violate the Sherman Act or any other law in adopting electric rates in the 2014-2015 ratemaking process. The District will, as necessary in this litigation, demonstrate that it acted reasonably, not anticompetitively, and in compliance with the industry ratemaking standards with respect to all its customers. However, even before that demonstration, there is a fundamental issue as to what the plaintiffs actually seek to enjoin in this litigation. E-27 and the additional solar rates now offered by the District offer significant savings potential for solar customers. As a result, rooftop solar is flourishing in the District's service territory and solar adoption rates have never been higher.

The principal legal issues presented are:

a. Whether plaintiffs can meet their burden to establish that the District's conduct violated the Sherman Act, 15 U.S.C. §2; and

b. Whether class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2).

---

* In 2018 and 2019, the District conducted another ratemaking proceeding, adopting a new rate schedule in 2019 that, among other things, substantively modified the E-27 rate and offered solar customers three additional alternative rates. The plaintiffs were provided notice of the new ratemaking proceeding, by general notice to all SRP customers and by specific notice and written offer to participate provided to plaintiffs' counsel of record. Despite that notice, the plaintiffs did not participate in the 2019 ratemaking process, and the 2019 rate schedule adopted after that process remains in place today.

c. Whether plaintiffs are entitled to injunctive relief on their sole remaining claim.

**4. SUBJECT MATTER JURISDICTION**

**Plaintiffs' statement:**

Plaintiffs filed this class action in this Court on February 22, 2019. This Court has original jurisdiction over Plaintiffs' claims for violation of the Sherman Act, 15 U.S.C. § 2, under 28 U.S.C. § 1331 as federal questions of law are presented.

**Defendant's statement:**

The operative complaint invokes the Court's jurisdiction under 15 U.S.C. §2 and under 28 U.S.C. §1331

**5. PARTIES NOT SERVED OR WHO HAVE NOT APPEARED:**

**Plaintiffs' statement**: None.

**Defendant's statement**: None.

**6. ADDITIONAL PARTIES / AMENDMENT OF PLEADINGS**

**Plaintiffs' statement:**

Plaintiffs do not intend to add parties or amend pleadings.

**Defendant's statement**:

In light of plaintiffs' statement that they do not intend to add parties or amend pleadings, the District proposes that its deadline to answer the complaint be set at October 9.

**7. MOTIONS:**

**Plaintiffs' Statement:**

Completed Motions: There have been two motions to dismiss completed (ECF 29, 57). In addition, on January 31, 2022, the Ninth Circuit Court of Appeals ruled on Plaintiffs' appeal of the first order. *Ellis v Salt River Project Agricultural Improvement and Power District*, 24 F.4th 1262, 1274, 1278 (9th Cir. 2022).

Contemplated Motions: Plaintiffs anticipate filing a motion for class certification pursuant to Fed. R. Civ. P. 23. After necessary discovery has been completed, Plaintiffs will evaluate whether they will file a motion for summary judgment before trial. Depending on the

expert disclosures made by the parties, Plaintiffs anticipate the parties may file motions under Fed. R. Evid. 702, 703, 704, and/or 705. As trial approaches, Plaintiffs also contemplate certain pre-trial motions the precise type and scope is not yet known prior to discovery.

**Defendant's statement:** The District anticipates filing one or (if necessary and allowed by the Court) more dispositive motions and, if required, discovery and pretrial motions. It also reserves the right to file other appropriate motions in accordance with applicable rules and this Court's orders. The District expects that both sides will offer expert testimony at both the class and merits stages of the case and if part or all of plaintiffs' expert reports do not meet the standards of Rules 702-705, the District will file motions to exclude the offered testimony.

**8.     REFERENCE TO MAGISTRATE**

**Plaintiffs' Statement**:  The case is suitable for reference to a Magistrate Judge for trial.

**Defendant's statement:** The District does not consent to referral to a Magistrate Judge for trial.

**9.     RELATED CASES:**

**Plaintiffs' Statement**:  Plaintiff is aware of *Solar City v. Salt River Project Agricultural Improvement and Power District*, No. CV-15-00374-PHX-DLR (D. Ariz.), a case filed by a solar company against Defendant alleging that Defendant violated antitrust laws through its conduct, including adoption of the E-27 rate. Plaintiffs are currently unaware of other related cases before other courts or Judges of this Court.

**Defendant's statement:** *Solar City* has been closed for four years. The Solar City case was resolved by the parties, with Solar City dismissing its case with prejudice and without SRP making any change in the E-27 rate. There are no ongoing related cases.

**10.    PRESERVATION OF DISCOVERY:**

**Plaintiffs' Statement**: Plaintiffs request that Defendant preserve and retain all documents, including electronically stored information, including e-mails and documents related to the matters at issue in this lawsuit, including communications with third parties.

**Defendant's statement**: The District believes that the parties should negotiate an ESI protocol to address issues of document preservation and electronic discovery. The District likewise requests that plaintiffs preserve and retain all documents, including electronic stored information, including e-mails and documents related to the matters at issue in this lawsuit, including communications with non-parties.

**11. PRIVILEGE OR WORK PRODUCT**

**Plaintiffs' Statement**: Plaintiffs are currently unaware of disputes over claims of privilege or work product and does not expect to learn of these prior to discovery.

**Defendant's Statement:** The District is currently unaware of disputes over claims of privilege or work product and does not expect to learn of these prior to discovery.

**12. Fed. R. Evid. 502(d):**

**Plaintiffs' Statement**: Plaintiffs do not anticipate learning of any need for an order under Fed. R. Civ. P. 502(d) prior to discovery.

**Defendant's statement:** The District requests that to the maximum extent permitted by law, the Court order that disclosure of information in connection with the pending litigation that the producing party thereafter claims to be protected by the attorney-client privilege or work product doctrine will not constitute or be deemed a waiver of the privilege or protection from discovery in this case or in any other proceeding. The Court should order that this clawback provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). This is necessary as it is anticipated electronically stored information (ESI) will be requested and produced in discovery. The District proposes that the parties negotiate a stipulation to that effect to be presented to the Court as part of the ESI protocol in the case.

**13. DISCOVERY**

a. The extent, nature and location of discovery anticipated by the parties and why it is proportional to the needs of the case.

The parties anticipate conducting proportional discovery to address plaintiffs' Sherman Act claim, including plaintiffs' request to have that claim adjudicated on a class basis, using all

discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories, requests for admissions, expert disclosure and related deposition testimony, subject to the limitations proposed below. The parties may also take non-party discovery as needed.

As necessary, the parties will work in good faith to establish protocols sufficient to allow proceedings and depositions to occur via Zoom or similar means.

The parties will meet and confer regarding an appropriate ESI protocol, Rule 502(d) order, and protective order and mutually establish and agree on search terms and custodians.

The parties may seek to discover documents or communications which contain information that the other party may deem confidential, proprietary, or private, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties will promptly submit a proposed protective order for the Court's approval.

b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**Plaintiffs' statement:**

Plaintiffs do not anticipate serving discovery requests that exceed the limitations in the Federal Rules. As claims under the Sherman Act tend to involve complex issues of law and fact, Plaintiffs believe it would be inappropriate to restrict discovery requests to anything less than the amount of requests permitted under the Federal Rules of Civil Procedure.

**Defendant's statement:** This case is now extremely narrow and has been pending for several years. The rates that plaintiffs challenge are a matter of public record, as is the thriving growth of solar throughout the District's service territory and beyond. Thus, the District would request the Court set limits on discovery that will allow the case to move quickly towards adjudication. The District requests that the following additional discovery limitations be imposed:

a) **Interrogatories** – Plaintiffs may collectively propound no more than fifteen

written interrogatories, including all discrete subparts. The District may propound no more than fifteen written interrogatories, including all discrete subparts, on each plaintiff.

b) **Requests for Production –** Plaintiffs may collectively propound no more than fifteen requests for production, including all discrete subparts. The District may propound no more than fifteen requests for production on each plaintiff, including all discrete subparts

c) **Requests for Admission** – Plaintiffs may collectively propound no more than twenty-five written requests for admission. The District may propound no more than twenty-five written requests for admission on each plaintiff. Requests to authenticate documents shall not count towards this limit.

c. **The number of depositions.**

**<u>Plaintiffs' statement:</u>**

At this point prior to the identification of witnesses by Defendant, Plaintiffs are unaware of how many depositions will actually be needed. Plaintiffs currently request the ability to take up to 10 fact depositions, plus the ability to depose any expert witness disclosed by Defendant. Plaintiff submits that there should be no limit on the type of depositions taken, including Rule 30(b)(6) depositions. More than a single Rule 30(b)(6) deposition may be necessary to address different topics. Further, a corporate deposition under Fed.R.Civ.P. 30(b)(6) may require more than ten topics. The duration of each deposition should be governed by Fed. R. Civ.P. 30(d) which generally allows one day of seven hours of examination time. If a corporate deposition under Fed.R.Civ.P. 30(b)(6) requires more than one day to complete, it can count as a second deposition towards the 10-fact deposition limit.

**<u>Defendant's statement</u>:** The District propose the following limitations as to depositions of non-expert witnesses:

a) Each side shall be limited to ten depositions, inclusive of non-party depositions.

b) Absent agreement or leave of Court, no witness or party shall be deposed for more

than one day of seven hours except that, if any witness that is being deposed pursuant to Federal Rule of Civil Procedure 30(b)(1) and is also designated as a Rule 30(b)(6) witness, that witness shall not be deposed for more than nine hours. The seven hours of a Rule 30(b)(6) deposition shall count as a single deposition, regardless of the number of witnesses designated to testify.

  c) Each party may only be subject to one Rule 30(b)(6) deposition consisting of no more than ten topics.
  d) Excluded from any deposition limits are depositions of witnesses who appear on an opposing party's final pre-trial witness list and who were not previously deposed.

**14. Deadlines:**

a. **Deadline to submit proposed protective order, ESI protocol, expert protocol, and deposition protocol:** September 23, 2022

b. **Deadline to answer:** October 7, 2022

c. **Deadline for filing any motion for class certification, including plaintiffs' class certification expert disclosures:** July 14, 2023

d. **Deadline for defendant's opposition to motion for class certification and supporting expert reports**: August 25, 2023

e. **Deadline for plaintiffs' reply in support of class certification**: September 8, 2023

f. **Class certification hearing**: Week of October 9, 2023 or at the Court's convenience.

g. **Deadline for Completion of Fact Discovery:** December 1, 2023

h. **Deadline for Affirmative Expert Disclosures under Fed. R. Civ. P. 26(a)(2)(A)-(C):** December 15, 2023

i. **Deadline for Rebuttal Expert Disclosures**: February 10, 2024

j. **Deadline for Completion of Expert Depositions:** March 8, 2024

k. **Deadline for Filing Dispositive Motions (including motions to exclude expert opinions):** March 29, 2024

i. **Deadline for Good Faith Settlement Discussions:** November 10, 2023

**15. JURY TRIAL REQUEST**

**Plaintiffs' statement:**

Plaintiffs requested a jury trial in the First Amended Complaint.

**Defendant's statement:** Under this Court's and the Ninth Circuit's rulings in this case, plaintiffs are limited to equitable relief on their only remaining claim. Given that, plaintiffs are not entitled to a jury. *See Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 307 (9th Cir. 1979); *United States v. Hempfling*, 2007 WL 1994069, at *5 (E.D. Cal. July 5, 2007) ("Here, all that is requested is an injunction and thus the matter is equitable and Defendant is not entitled to a jury trial.").

**16. SETTLEMENT PROSPECTS**

**Plaintiffs' statement:**

Plaintiffs are open to participate in good-faith settlement discussions in private mediation before a retired judicial officer, appropriate neutral or other private dispute resolution body.

**Defendant's statement:** The District is skeptical that settlement is possible, particularly given that Arizona law requires a formal, public process for changes to the District's electric rates. Nonetheless, the District will consider in good faith any settlement proposal plaintiffs choose to make.

**17. OTHER MATTERS THAT WILL AID THE COURT IN RESOLVING THE DISPUTE IN AN EFFICIENT MANNER.**

**Plaintiffs' statement:** None.

**Defendant's statement:** None.

**ZIMMERMAN REED, LLP**

Dated: August 22, 2022 By: /s/ Hart L. Robinovitch

Hart L. Robinovitch (AZ SBN 020910)
14646 North Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
Email: hart.robinovitch@zimmreed.com

**ZIMMERMAN REED LLP**
David M. Cialkowski
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
Email: david.cialkowski@zimmreed.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
Canadian Pacific Plaza
120 South Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
Email: dgustafson@gustafsongluek.com
Email: dheldund@gustafsongluek.com
Email: dnordin@gustafsongluek.com

*Attorneys for Plaintiffs*

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Dated: August 31, 2022 By: /s/ Christopher E. Babbitt

Christopher E. Babbitt (*pro hac vice*)
Daniel S. Volchok (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com

WILMER CUTLER PICKERING HALE AND DORR LLP
David Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
david.gringer@wilmerhale.com

JENNINGS, STROUSS & SALMON, P.L.C.
Eric D. Gere – 023226
egere@jsslaw.com
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2633

*Attorneys for Defendant*