WILMER CUTLER PICKERING
HALE AND DORR LLP
Christopher E. Babbitt (*pro hac vice*)
Daniel S. Volchok (*pro hac vice*)
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
christopher.babbitt@wilmerhale.com
daniel.volchok@wilmerhale.com

WILMER CUTLER PICKERING
HALE AND DORR LLP
David Gringer (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888


JENNINGS, STROUSS & SALMON, P.L.C.
Eric D. Gere – 023226
egere@jsslaw.com
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
Facsimile: (602) 495-2633

*Attorneys for Defendant Salt River Project*
*Agricultural Improvement and Power District*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| William Ellis, Robert Dill, Edward Rupprecht, and Robert Gustavis, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>Salt River Project Agricultural Improvement and Power District,<br><br>     Defendant. | Case No. 2:19-cv-1228-SMB<br><br>**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

The Salt River Project Agricultural Improvement and Power District (the "District"), hereby answers plaintiffs' first amended complaint ("FAC") in this case.[1]

Pursuant to Federal Rule of Civil Procedure 8(b)(3), the District generally denies all allegations in the amended complaint except as specifically admitted herein. Any admission herein of the truth of a factual allegation is not an admission that the allegation has any relevance to any issue in this litigation, nor an admission that the allegation does not omit pertinent additional information, does not require additional context, or is otherwise not misleading as presented.

Each numbered paragraph in this answer responds to the paragraph in the amended complaint bearing the same number; those numbers are included here solely for organizational convenience in matching the answers provided herein with the amended complaint's allegations. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation(s) are addressed as one sentence.

The District does not waive any defensive theory or admit that the headings in the complaint (which do not constitute legally operative allegations that require a response) are accurate, appropriate, or substantiated.

**[INTRODUCTION]**

1.      The allegations in paragraph 1 constitute plaintiffs' characterization of this action or legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in the first six sentences. Deny the allegations in the seventh sentence for lack of knowledge or information sufficient to form a belief as to their truth. Deny the allegations in the final sentence. As to footnote 1, the District denies that the language quoted there currently appears in the sources cited and further denies that any of those sources provides any support for any of plaintiffs' claims.

---

[1] The amended complaint improperly conflates the District and the Salt River Valley Water Users' Association, by defining them collectively as "SRP," FAC ¶28, when they are in fact distinct legal entities. Any allegations regarding "SRP" are denied on that basis.

2.      The District admits it provides retail electricity to customers located within its service territory, which is in Arizona.  The remaining allegations in paragraph 2 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

3.      The District admits that the District's customers include residential and commercial consumers in its service territory that generate electricity through the use of solar energy systems.  The District further admits solar energy systems use technologies such as rooftop solar panels to harness light energy from the sun and directly convert it into electricity.  The District denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

4.      The District admits that certain solar customers in the District's service territory rely on the District to provide electricity during times when their solar energy systems produce or store less than what is needed to power their homes or businesses and that these customers pay the electricity rates and charges that are set forth in the District's board-approved Standard Electric Price Plans ("SEPPs").  Otherwise deny.

5.      The allegations in paragraph 5 constitute plaintiffs' characterization of this action or legal conclusions, to which no response is required.  To the extent a response is required, deny.

6.      Admit that, in 2015, the District's board-approved SEPPs, including the E-27 price plan for certain residential customers who self-generate electricity, effective with the April 2015 billing cycle.  Otherwise deny.

7.      Deny.

8.      Deny.

9.      The allegations in paragraph 9 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

10.      Deny.

11.     The allegations in paragraph 11 include legal conclusions, to which no response is required.  To the extent a response is required, deny.  As to footnote 2, the District admits that the language quoted there appears in the source cited, but denies that that source provides any support for any of plaintiffs' claims.

12.     The District admits that, for a period of time prior to the implementation of the E-27 price plan, with board approval, it provided limited financial incentives to customers who installed solar energy systems.  Deny the remaining allegations in the first three sentences of paragraph 12.  Deny the allegations in the final sentence as they constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

13.     The allegations in paragraph 13 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

14.     Deny.  As to footnote 3, the District denies that the language quoted there currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

15.     The allegations in the first sentence of paragraph 15 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny. The District admits that customers who installed or took specified actions to contract to install rooftop solar systems on or before December 8, 2014, were not required to be placed on the E-27 pricing plan but otherwise denies the allegations in the second sentence of paragraph 15.

16.     Deny.

17.     Deny.

18.     The allegations in paragraph 18 constitute legal conclusions and plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny.

19.     The allegations in paragraph 19 constitute legal conclusions and plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny.

### [PARTIES]

20.     The District admits that plaintiff William Ellis has been a customer during the class period but denies the remaining allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21.     Deny the allegations in the first sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the second and third sentences of paragraph 21 include legal conclusions, to which no response is required.  To the extent a response is required, deny.

22.     Deny the allegations in paragraph 22, including for lack of knowledge or information sufficient to form a belief as to their truth.

23.     Deny the allegations in the first sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the second and third sentences of paragraph 23 include legal conclusions, to which no response is required.  To the extent a response is required, deny.

24.     The District admits that plaintiff Edward Rupprecht has been a customer during the class period but denies the remaining allegations in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25.     Deny the allegations in the first and second sentences of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the third and fourth sentences of paragraph 25 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

26.     The District admits that plaintiff Robert Gustavis has been a customer during the class period but denies the remaining allegations in paragraph 25for lack of knowledge or information sufficient to form a belief as to their truth.

27.     Deny the allegations in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.  The allegations in the second and third sentences of paragraph 27 include legal conclusions, to which no response is required.  To the extent a response is required, deny.

28.     The District admits that it is a political subdivision of Arizona.  The District also admits it is headquartered in Arizona.  Deny the remaining allegations in paragraph 28.

29.     The District admits that the District and the Salt River Valley Water Users' Association ("Association") are at times collectively known as the Salt River Project but otherwise denies the remaining allegations in the first sentence of paragraph 29.  The District admits the Association was formed in 1903 by a group of Salt River Valley landowners as a quasi-public corporation under Arizona law for the purpose of entering into contracts with the federal government for irrigation purposes.  Deny the allegations in the final sentence of paragraph 29.

30.     The District admits that it was created in 1937.  The District further admits that it was and is empowered to issue municipal bonds, the proceeds of which were initially used to redeem outstanding higher-interest debt.  Otherwise denied.

31.     The District admits that it is responsible for power delivery and water storage, and that the Association manages water delivery as an agent of the District.  Otherwise denied.

32.     The District admits that it provides electricity to thousands of retail customers in its service territory.  As to footnote 5, the District denies that the language quoted there appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.  The District otherwise denies the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.     The District admits that it sells electricity to residential and commercial customers, and admits the quoted language in the first sentence of paragraph 33 appears in the source cited, but denies that that source provides any support for any of plaintiffs' claims,

and otherwise denies the allegations in the first sentence of paragraph 33.  The District

denies the allegations in the second sentence (which cites no source for the language in

quotation marks) for lack of knowledge or information sufficient to form a belief as to their

truth.  The District denies the allegations in the last sentence of paragraph 33.

34.     Deny the allegations in the first sentence of paragraph 34.  The District admits

that the District board meets in closed and/or executive sessions to discuss matters related to

competitive activity, including trade secrets or privileged or confidential commercial or

financial information.  To the extent the referenced agenda item is accurately quoted, the

agenda item speaks for itself and no response is required.

35.     The allegations in paragraph 35 constitute legal conclusions, to which no

response is required.  To the extent a response is required, deny.

36.     The allegations in the first and second sentences of paragraph 36 constitute

legal conclusions, to which no response is required.  To the extent a response to the second

sentence is required, the District admits that it does not administer the maintenance of streets,

the operation of schools, or provide sanitation or health and welfare services to the general

public.  To the extent the third sentence of paragraph 36 characterizes unspecified court

decisions, those decisions speak for themselves and no response is required.  To the extent a

response is required, deny.  The allegations in the fourth sentence of paragraph 36 constitute

legal conclusions, to which no response is required.  To the extent a response is required, the

District admits that its board can request that the County Board of Supervisors levy taxes

against landowners in the district.

37.     The allegations in paragraph 37 constitute legal conclusions, to which no

response is required.  To the extent a response is required, the District states that the Arizona

Corporation Commission does not have authority/jurisdiction regarding the District's retail

rates and that the District's ratemaking is subject to judicial review under Title 30 of the

Arizona Revised Statutes.  Deny the remaining allegations in paragraph 37.

38.     The allegations in paragraph 38 constitute legal conclusions, to which no response is required, and which are no longer relevant, as plaintiffs' constitutional challenges have all been dismissed.  To the extent a response is required, admit that the District is a political subdivision of the state.  Except as expressly admitted, deny.

**[JURISDICTION AND VENUE]**

39.     The allegations in paragraph 39 constitute legal conclusions or characterizations of this action, to which no response is required.  To the extent a response is required, deny the Court has subject matter jurisdiction because plaintiffs' sole remaining claim is moot.

40.     The allegations in paragraph 40 constitute legal conclusions or characterizations of this action, to which no response is required.  To the extent a response is required, admit.

41.     The allegations in paragraph 41 constitute legal conclusions or characterizations of this action, to which no response is required.  To the extent a response is required, admit.

**[FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS]**

42.     The first sentence in paragraph 42 constitutes a legal conclusion, to which no response is required.  To the extent a response is required, deny.  Deny the allegations in the second sentence of paragraph 42.  The District denies that the language quoted in the third sentence appears in the source cited and further denies that any of those sources provides any support for any of plaintiffs' claims.  Deny the allegations in the last sentence of paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43.     The first sentence in paragraph 43 constitutes legal conclusions, to which no response is required.  To the extent a response is required, deny.  The District admits that electric power can be obtained from the District as well as from other sources, including rooftop solar-energy systems.

44.     Deny the allegations in the first two sentences of paragraph 44.  Deny the allegations in the third sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.  As to the last sentence, the District admits that residential customers who self-generate, but who do not generate or store sufficient electricity to meet their own demand at all times, purchase a portion of their electricity from the District.

45.     Deny.  As to footnote 7, the District admits that the language quoted in the third sentence appears in the source cited but denies that any of those sources provides any support for any of plaintiffs' claims.

46.     Deny the allegations in the first sentence and the second sentence up to the colon for lack of knowledge or information sufficient to form a belief as to their truth.  As to the remainder of paragraph 48 (the block quotation), the District denies that the quoted language currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

47.     Deny.

48.     Deny.  As to footnote 9, the District denies that the language quoted there currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

49.     The District admits that the District developed a "Community Solar" program that permits its customers to purchase solar-generated electricity without installing a solar energy system on their property.  Except as expressly admitted, deny.

50.     Deny.

51.     Deny.

52.     The District admits that many customers within its service territory generally must purchase some or all their retail electricity from the District.  The District further admits that certain solar customers remain on the electrical grid to purchase electricity from

the District because there are periods in which the solar energy systems they have elected to install cannot fully meet their electric needs.  Otherwise deny.

53.     Deny.

54.     Deny the allegations in the first sentence of paragraph 54.  To the extent the remaining allegations of paragraph 54 accurately describe the content of Arizona statutes, those statutes speak for themselves and no response is required.  To the extent a response is required, deny as the statute was repealed and/or modified through the enactment of HB 2101 on April 26, 2022.

55.     Deny the allegations in the first sentence of paragraph 55.  As to the second sentence of paragraph 55, the District denies that the quoted language currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

56.     The District admits that the quoted language appeared in the source cited at the time the FAC was filed, but denies that that source provides any support for any of plaintiffs' claims as the statute was repealed and/or modified through the enactment of HB 2101 on April 26, 2022.

57.     The District admits that the quoted language appeared in the source cited at the time the FAC was filed, but denies that that source provides any support for any of plaintiffs' claims as the statute was repealed and/or modified through the enactment of HB 2101 on April 26, 2022.

58.     The District admits that the quoted language appeared in the source cited at the time the FAC was filed, but denies that that source provides any support for any of plaintiffs' claims as the statute was repealed and/or modified through the enactment of HB 2101 on April 26, 2022.

59.     Deny.

60.     The District admits that solar energy systems generate electricity by converting sunlight into electricity.  The District admits that solar energy systems are able to generate

1  electricity by capturing the sun's energy.  The District admits that the amount of electricity
2  generated can vary based on orientation, panel size, and other factors.

3       61.    Deny.

4       62.    Deny.

5       63.    The District admits that it offers "net metering" to residential and commercial
6  customers.  Otherwise deny.  As to footnote 13, the District admits that the quoted language
7  appears in the source cited but denies that that source provides any support for any of
8  plaintiffs' claims.

9       64.    As to the first sentence of paragraph 64, the District admits that the term "net
10  metering" can refer to programs that allow customers to receive credit on their electric bills
11  for generating more electricity than they use.  As to the second sentence, the District admits
12  that, under its current net-metering policy, excess electricity from a customer's distributed
13  solar system is transferred onto the grid, including for distribution to other customers, and
14  that the customer receives a credit as described in their particular price plan.  As to the third
15  sentence, the District admits that a distributed-solar customer is billed in accord with the
16  particular price plan that they elected, and such price plan details the economics of the net
17  metering to that customer.  Otherwise deny.

18       65.    Deny the allegations in the first sentence of paragraph 65 for lack of
19  knowledge or information sufficient to form a belief as to their truth.  Deny the allegations in
20  the second sentence of paragraph 65.

21       66.    The District admits that the District developed a "Community Solar" program
22  that permits its customers to purchase solar-generated electricity without installing a solar
23  energy system.  Except as expressly admitted, deny.

24       67.    The District admits that it contracted to purchase solar energy from the
25  Iberdrola Renewables' Copper Crossing Farm in Florence, Arizona.  Deny the remaining
26  allegations in paragraph 67.

27       68.    Deny.

28

69.     The District admits that the quoted language appears in the source cited but denies that that source provides any support for any of plaintiffs' claims.  Deny the remaining allegations in paragraph 69.

70.     Deny the allegations in the first two sentences of paragraph 70.  Deny the allegations in the third and fourth sentence for lack of knowledge or information sufficient to permit an informed response.

71.     Deny.  As to footnote 17, the District denies that the quoted language currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

72.     The District admits that the District opened a public pricing process on December 12, 2014 to consider proposed price plans, including E-27, a new price plan for residential customers who self-generate a portion of their electricity using rooftop solar panels or other technologies.  Deny the allegations in the second sentence of paragraph 72.  As to footnote 18, the District admits that the quoted language appears in the source cited but denies that that source provides any support for any of plaintiffs' claims.

73.     The District admits that its board of directors approved changes to its SEPPs on February 26, 2015.  Deny the remaining allegations in paragraph 73.

74.     To the extent the allegations in paragraph 74 accurately describe the District's SEPPs, the SEPPs speak for themselves and no response is required.  To the extent a response is required, deny.

75.     To the extent the allegations in paragraph 75 accurately describe the District's SEPPs, the SEPPs speak for themselves and no response is required.  To the extent a response is required, deny.

76.     Deny.

77.     Deny.

78.     Deny.

79.     Deny.

80.     Deny.

81.     Deny the allegations in the first sentence of paragraph 81.  The District admits that the District grandfathered distributed solar users who had installed or contracted to install distributed generation systems on or prior to December 8, 2014 from E-27 for up to 20 years.  Except as expressly admitted, deny.

82.     Deny.

83.     Deny.

84.     Deny.

85.     Deny.

86.     Deny.  As to footnote 19, the District admits that the quoted language appears in the cited IEEE Spectrum publication but denies that that source provides any support for any of plaintiffs' claims.  The District denies that the quoted language attributed to the Pick My Solar blog currently appears in the source cited and further denies that that source provides any support for any of plaintiffs' claims.

87.     Deny.  As to footnote 20, the District admits that the quoted language appears in the source cited but denies that the source provides any support for any of plaintiffs' claims.

88.     Deny.

89.     Deny.

90.     The District admits that its customers are required to make payments on a monthly basis.  The District denies all allegations referring to "discriminatory charges," and otherwise denies the allegations, including for lack of knowledge or information about what consumers are "generally aware of" sufficient to form a belief as to their truth.

91.     The District admits that it grandfathered existing distributed-solar users (as of December 8, 2014) until the later of May 31, 2025 or the date twenty years from when their solar energy system was connected.  Otherwise denied.

92.     Deny.

-12-

93.     Deny.

94.     Admit that battery-storage systems can allow solar customers to store energy generated through a solar-energy system and that battery-storage systems can be an effective means of reducing the demands that customers place on the electrical grid and thus a means of reducing demand charges on rate plans that include them.  Deny the remaining allegations in paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth.

95.     Deny the allegations in the first sentence of paragraph 95.  As to the second sentence, the District admits battery storage systems can vary in cost but otherwise denies the remaining allegations in the second sentence.  As to the third and fourth sentences, the District admits that it previously offered up to $3,600 per location to up to 4,500 customers who installed a battery-storage system prior to January 31, 2022.  Deny the allegations in the fifth sentence of paragraph 95.  Deny the allegations in the last sentence of paragraph 95.

96.     The allegations in paragraph 96 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

97.     The allegations in paragraph 97 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

98.     The allegations in paragraph 98 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

99.     The allegations in paragraph 99 include legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

100.    Deny.

101.    Deny.

102.    The allegation in the first sentence of paragraph 102 constitutes a legal conclusion and no response is required.  To the extent a response is required, deny.  As to the second sentence, the District admits that the quoted language appears in the source cited but denies that that source provides any support for any of plaintiffs' claims.  The District otherwise denies the allegations in the second sentence.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Deny.

**[CLASS ALLEGATIONS]**

108.    The allegations in paragraph 108 constitute plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, admit plaintiffs purport to sue individually and on behalf of a class but deny there is a basis for individual or class relief.

109.    The allegations in paragraph 109 constitute plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, admit plaintiffs allege a class but deny there is a basis for individual or class relief.

110.    The allegations in paragraph 110 constitute plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny there is a basis for individual or class relief.

111.    The allegations in paragraph 111 constitute plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny there is a basis for individual or class relief.

112.    The allegations in paragraph 112 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

113.    The allegations in paragraph 113 constitute legal conclusions, to which no response is required.  To the extent a response is required, admit the District provides electricity to more than 1 million customers within Arizona and admit that thousands of customers were billed for electricity service and use under the E-27 plan.  Otherwise deny, including because the District lacks knowledge or information sufficient to form a belief as to their truth.

114.    The allegations in paragraph 114 and subparagraphs (a)-(i) constitute legal conclusions and plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, deny.

115.    The allegations in paragraph 115 constitute legal conclusions and plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny, including because the District lacks knowledge or information sufficient to form a belief as to their truth.

116.    The allegations in paragraph 116 constitute legal conclusions and plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny, including because the District lacks knowledge or information sufficient to form a belief as to their truth.

117.    The allegations in paragraph 117 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny, including because the District lacks knowledge or information sufficient to form a belief as to their truth.

118.    The allegations in paragraph 118 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

119.    The allegations in paragraph 119 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

### [COUNT I]

120.    The District incorporates by reference its responses to paragraphs 1 through 119 above.

121.    The allegations in paragraph 121 constitutes legal conclusions, to which no response is required.  To the extent a response is required, deny.

122.    The allegations in paragraph 122 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

123.    The allegations in paragraph 123 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

124.    The allegations in paragraph 124 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

125.    The allegations in paragraph 125 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

126.    The allegations in paragraph 126 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

127.    The allegations in paragraph 127 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

128.    The allegations in paragraph 128 constitute legal conclusions, to which no response is required.  To the extent a response is required, deny.

### [COUNT II]

129.    The District incorporates by references its responses to paragraphs 1 through 128 above.

130.    The allegations in paragraph 130 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

131. The allegations in paragraph 131 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

132. The allegations in paragraph 132 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

133. The allegations in paragraph 133 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

134. The allegations in paragraph 134 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

135. The allegations in paragraph 135 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss). To the extent a response is required, deny.

**[COUNT III]**

136. The District incorporates by reference its response to paragraphs 1 through 135 above.

137. The allegations in paragraph 137 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

-17-

January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

138.   The allegations in paragraph 138 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

139.   The allegations in paragraph 139 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

140.   The allegations in paragraph 140 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

141.   The allegations in paragraph 141 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

142.   The allegations in paragraph 142 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

143.   The allegations in paragraph 143 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

144.    The allegations in paragraph 144 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

145.    The allegations in paragraph 145 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

### [COUNT IV]

146.    The District incorporates by reference its responses to paragraphs 1 through 145 above.

147.    The allegations in paragraph 147 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

148.    The allegations in paragraph 148 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

149.    The allegations in paragraph 149 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

150.    The allegations in paragraph 150 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

151.   The allegations in paragraph 151 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

152.   The allegations in paragraph 152 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

**[COUNT V]**

153.   The District incorporates by reference its responses to paragraphs 1 through 152 above.

154.   The allegations in paragraph 154 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

155.   The allegations in paragraph 155 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, admit the first sentence in paragraph 155 and deny all remaining allegations.

156.   The allegations in paragraph 156 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

157.   The allegations in paragraph 157 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

158.    The allegations in paragraph 158 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

159.    The allegations in paragraph 159 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

160.    The allegations in paragraph 160 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

**[COUNT VI]**

161.    The District incorporates by reference its responses to paragraphs 1 through 160 above

162.    The allegations in paragraph 162 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

163.    The allegations in paragraph 163 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

164.    The allegations in paragraph 164 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

-21-

January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

165.    The allegations in paragraph 165 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

166.    The allegations in paragraph 166 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

167.    The allegations in paragraph 167 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

168.    The allegations in paragraph 168 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

**[COUNT VII]**

169.    The District incorporates by reference its responses to paragraphs 1 through 168 above.

170.    The allegations in paragraph 170 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

171.    The allegations in paragraph 171 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's

August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

172.    The allegations in paragraph 172 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

173.    The allegations in paragraph 173 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

174.    The allegations in paragraph 174 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

175.    The allegations in paragraph 175 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

176.    The allegations in paragraph 176 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

177.    The allegations in paragraph 177 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

178.    The allegations in paragraph 178 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's August 18, 2022 ruling on the District's renewed motion to dismiss).  To the extent a response is required, deny.

**[COUNT VIII]**

179.    The District incorporates by reference its responses to paragraphs 1 through 178 above.

180.    The allegations in paragraph 180 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

181.    The allegations in paragraph 181 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

182.    The allegations in paragraph 182 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

183.    The allegations in paragraph 183 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

184.    The allegations in paragraph 184 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

185.     The allegations in paragraph 185 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

### [COUNT IX]

186.     The District incorporates by reference its responses to paragraphs 1 through 185 above.

187.     The allegations in paragraph 187 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

188.     The allegations in paragraph 168 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

189.     The allegations in paragraph 189 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

190.     The allegations in paragraph 190 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

191.     The allegations in paragraph 191 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

192.   The allegations in paragraph 192 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

193.   The allegations in paragraph 193 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

194.   The allegations in paragraph 194 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

195.   The allegations in paragraph 195 constitute legal conclusions, to which no response is required (and which are no longer at issue in this case following the Court's January 10, 2020 ruling on the District's motion to dismiss and the Ninth Circuit's January 31, 2022 opinion).  To the extent a response is required, deny.

**[PRAYER FOR RELIEF]**

Deny that plaintiffs are entitled to any of the relief on any of their claims.

**AFFIRMATIVE DEFENSES**

The District incorporates by reference the foregoing paragraphs in their entirety. Without assuming any burden of proof it would not otherwise bear, the District asserts the following affirmative defenses.  The First Amended Complaint does not describe the claims or events, or the relief sought, with specific particularity for the District to ascertain other defenses that may exist.  The District therefore reserves its right to assert such defenses as may pertain to the claims, allegations, and requests for relief, contained in the First Amended Complaint once they are ascertained.  The District reserves the right to assert further defenses as discovery proceeds.

-26-

**FIRST DEFENSE**

Plaintiffs' sole remaining claim is barred by the doctrine of laches.  Because the District's 2014-2015 ratemaking process was public (and well-publicized), plaintiffs knew or should have known about the District's adoption of the E-27 price plan ("E-27") at the time of its adoption (February 26, 2015).  Yet plaintiffs delayed bringing suit for nearly four years.  That delay was unreasonable.  There were mechanisms to participate in and challenge that public ratemaking process but plaintiffs failed to follow those statutory procedures.  Had they done so, their challenge could have been raised and addressed years earlier.  Moreover, plaintiffs' delay in suing prejudiced the District because the District has structured its operations in reliance on the adoption (and continued availability) of E-27, including by conducting another statutory ratemaking proceeding from 2018 to 2019 at which the E-27 rate was modified and additional rates were introduced for customers who elect to self-generate a portion of their electricity through rooftop solar systems and other forms of distributed generation.  Further, laches bars this action because plaintiffs' lawsuit disserves the public interest.  If plaintiffs were to be granted the relief requested, it would result in a rate increase to many of the District's customers by shifting costs associated with serving rooftop solar customers to non-solar customers.  Such an increase is inconsistent with the well-recognized principles of ratemaking that have long guided the District's ratemaking.

**SECOND DEFENSE**

Plaintiffs' claim is barred, in whole or in part, by the doctrine of estoppel.  Plaintiffs, who were on notice of the 2014-2015 public ratemaking process, failed to object or comment to the proposed E-27 price plan during the public process and then, after E-27 was in effect, allegedly voluntarily and without objection installed solar systems or purchased a residence with a pre-existing solar system, and then connected to the District's grid.  Plaintiffs, after being specifically informed of, and invited to participate in the public ratemaking process, also failed to assert any challenge to E-27 until several years after E-27 went into effect.  Plaintiffs also elected not to participate in the District's 2018-2019 ratemaking process at

which their concerns could have been addressed.  The District is prejudiced by having to litigate plaintiffs' delayed claim now. In particular, the District is prejudiced because it has structured its operations in reliance on the adoption (and continued availability) of E-27, including by conducting another statutory ratemaking proceeding from 2018 to 2019 at which the E-27 rate was modified and additional rates were introduced for customers who elect to self-generate a portion of their electricity through rooftop solar systems and other forms of distributed generation.  Further, if plaintiffs were to be granted the relief requested, it would result in a rate increase to many of the District's customers by shifting costs associated with serving rooftop solar customers to non-solar customers.  Such an increase is inconsistent with the well-recognized principles of ratemaking that have long guided the District's ratemaking.

### THIRD DEFENSE

Plaintiffs' claim is barred, in whole or in part, by the doctrine of waiver.  Plaintiffs, who were on notice of the 2014-2015 public ratemaking process, failed to object or comment to the proposed E-27 price plan during the public process, and then after E-27 was in effect, allegedly voluntarily installed solar systems or purchased a residence with a pre-existing solar system, and then connected to the District's grid.  Plaintiffs were specifically informed of and invited to participate in the District's 2018-2019 ratemaking process at which their concerns could have been addressed and failed to assert any challenge to E-27 until several years after it went into effect.  Plaintiffs elected not to participate in that ratemaking process.

### FOURTH DEFENSE

Plaintiffs' claims for equitable/injunctive relief are barred by the doctrine of exhaustion.  Plaintiffs seek equitable relief from this Court to enjoin the District's ratemaking decisions without previously participating in either the 2014-2015 or 2018-2019 ratemaking processes before the District, as the entity delegated with the ratemaking authority and expertise to make such decisions.

**FIFTH DEFENSE**

Plaintiffs' claim is barred because the plaintiffs consented to the E-27 price plan.  At least three named plaintiffs allege that they voluntarily installed solar energy systems in 2016 or later—after the E-27 rate went into effect, thus consenting to its application.

**SIXTH DEFENSE**

Plaintiffs' claim for equitable relief is barred because the SEPPs that are challenged in this action, including the E-27 price plan that took effect in 2015, are no longer in effect, as they were substantively modified as a result of the District's 2018-2019 ratemaking process. As part of that process, the District introduced three additional rate plans available to residential customers with rooftop solar systems.  Plaintiffs challenge the E-27 price plan as it existed before the 2019 ratemaking but do not challenge the currently prevailing rate schedule.  As a consequence, this Court is unable to grant plaintiffs effective relief and their claim is moot and/or the court should exercise its equitable right to deny plaintiffs' injunctive relief.

**SEVENTH DEFENSE**

Plaintiffs' claim is barred because the District's challenged rates, including E-27, were supported by a legitimate business justification.  The District had—and has—a legitimate interest in avoiding (or, at a minimum, reducing) cost shifts among one class of customers to another.  The District adopted the E-27 rate in 2015 to avoid a recognized a cost shift from rooftop solar customers to the rest of the District's customer base that would have persisted—and grown—under traditional utility rate designs.  The E-27 rate was designed to better align the District's prices with the cost of serving those customers, an accepted principle of utility rate design.

**DEMAND FOR JUDGMENT**

WHEREFORE, the District requests that this Court enter judgment in its favor adjudging and decreeing that:

-29-

1      A.     Plaintiffs' sole remaining claim be dismissed with prejudice;

2      B.     The District has not engaged in anticompetitive conduct in violation of the

3 Sherman Antitrust Act, 15 U.S.C. §2;

4      C.     Plaintiffs are not entitled to equitable or injunctive relief;

5      D.     The District recover its costs of this suit, including reasonable attorney's fees

6 as provided by law; and

7      E.     The District receive other or further relief as may be just and proper.

8 **DEMAND FOR JURY TRIAL**

9     The District avers that a jury trial is not available for the determination of injunctive

10 relief, to the extent available, for the sole remaining claim.

11

12     RESPECTFULLY SUBMITTED this 7th day of October, 2022.

13

14                       /s/ Christopher E. Babbitt

15 JENNINGS, STROUSS & SALMON, P.L.C.     WILMER CUTLER PICKERING

16 A Professional Limited Liability Company     HALE AND DORR LLP
Eric D. Gere – 023226     Christopher E. Babbitt (*pro hac vice*)

17 egere@jsslaw.com     Daniel S. Volchok (*pro hac vice*)
One East Washington Street, Suite 1900     1875 Pennsylvania Avenue NW

18 Phoenix, AZ 85004-2554     Washington, DC 20006
Telephone:  (602) 262-5911     Telephone:  (202) 663-6000

19 Facsimile:  (602) 495-2633     Facsimile:  (202) 663-6363
minuteentries@jsslaw.com     christopher.babbitt@wilmerhale.com

20     daniel.volchok@wilmerhale.com

21

22     WILMER CUTLER PICKERING
    HALE AND DORR LLP

23     David Gringer (*pro hac vice*)
    7 World Trade Center

24     250 Greenwich Street
    New York, NY 10007

25     Telephone: (212) 230-8800
    Facsimile:  (212) 230-8888

26     david.gringer@wilmerhale.com

27

28

**CERTIFICATE OF SERVICE**

On October 7, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system, which effected service on the following CM/ECF registrants:

ZIMMERMAN REED LLP
14646 North Kierland Boulevard, Suite 145
Scottsdale, AZ 85254
Hart L. Robinovitch

ZIMMERMAN REED LLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
David M. Cialkowski
Alia M. Abdi

GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Street, Suite 2600
Minneapolis, MN 55402
Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin

/s/ Christopher E. Babbitt

ActiveUS 196567403